UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT, | No. 2:22-cv-0350 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et la., | |
| Defendants. | |

As explained by the assigned District Judge:

> This action arises from [plaintiff's] prosecution and conviction for the robbery and murder of Anthony Galati. In 2020, almost 19 years later, the California superior court granted plaintiff's writ of habeas corpus and vacated his convictions. A year later, the superior court found plaintiff factually innocent. Plaintiff then filed this action under 42 U.S.C. § 1983. In broad strokes, he alleges the defendants deprived him of his constitutional rights by withholding or ignoring exonerating evidence.

(ECF No. 36 at 2.)

On September 8, 2023, plaintiff filed a motion to compel, which is noticed for hearing before the undersigned on October 13, 2023, pursuant to Local Rule 302(c)(1). (ECF Nos. 42 & 43.) On September 29, 2023, the parties filed a Joint Statement re Discovery Dispute pursuant to Local Rule 251. (ECF No. 44.)

////

1

The Joint Statement reflects that the parties' dispute concerns several of plaintiff's requests for production issued to three defendants. (JS (ECF No. 44) at 4.) As to some of these requests defendants assert that "Counsel indicated an agreement to produce documents . . . which is in the process," and that "counsel for Defendant indicated amended responses would be provided, and thus the motion is moot as these (sic) requests." (Id. at 19.) Because clarity will aid the undersigned in resolving the parties' dispute, the hearing of plaintiff's motion to compel will be continued to allow plaintiff to review defendants' production. To accommodate that continuation the deadline for completion of fact discovery will also be continued.[1]

The parties will also be ordered to further meet and confer. To aid that process the undersigned provides the following. Plaintiff's argument in the Joint Statement is well taken. Conversely, some of defendants' argument is not. For example, with respect to "RPD 5-6" defendants state they suggested "limiting the search to named defendants and the named decedents" asserting defendants "believe this is a reasonable compromise." (Id. at 16-17.) Perhaps, but that is not a legal basis to withhold discovery.

The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)). Moreover, "objections not raised in a written response to discovery may not be raised for the first time in a discovery motion." O. L. v. City of El Monte, Case No. 2:20-cv-0797 RGK (JDEx), 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021). "Similarly, objections asserted in discovery responses but not raised in briefing on a discovery motion are also waived." (Id.)

With respect to plaintiff's "RPD 30-31 DA" defendants state that it "has already produced over 18000 pages," and that it "is unclear how those documents are not part of that production and thus would be burdensome to reproduce." (JS (ECF No. 44) at 20.) "In opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection

---

[1] The undersigned may continue discovery dates in this action pursuant to the order of the assigned District Judge. (ECF No. 33 at 8.)

2

by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents." Cory v. Aztec Steel Bldg., Inc., 225 F.R.D. 667, 672 (D. Kan. 2005).

The parties will be ordered to file a supplemental Joint Statement, which the undersigned hopes will reflect at least a narrowed and clearer discovery dispute, if any.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 13, 2023 hearing of plaintiff's motion to compel (ECF No. 42) is continued to **December 1, 2023**;

2. Within fourteen days of the date of this order defendants shall complete the production of documents they agreed to produce noted above;

3. Within fourteen days thereafter the parties shall meet and confer either in person, over Zoom, or telephonically;

4. On or before **November 17, 2023**, the parties shall file either a withdrawal of the motion to compel or an updated Joint Statement re Discovery Disagreement[2]; and

5. The deadline for the completion of fact discovery is continued to **January 1, 2024.**

Dated: October 10, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.mtc.cont.ord

---

[2] The parties shall ensure that the Joint Statement complies with the Local Rules and the undersigned's Standard Information, available at the court's web page at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.

3