UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT, | No. 2:22-cv-0350 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et la., | |
| Defendants. | |

On September 8, 2023, plaintiff filed a motion to compel production of documents. (ECF Nos. 42 & 43.) On October 11, 2023, the undersigned continued the hearing of that motion to December 1, 2023, and extended the deadline for the completion of fact discovery. (ECF No. 46.) On November 10, 2023, plaintiff filed a motion to compel depositions. (ECF No. 27.) Both motions are noticed for hearing before the undersigned on December 1, 2023, pursuant to Local Rule 251.

On November 16, 2023—the day before the parties' Joint Statements were due—the parties filed a joint stipulation for order to exceed the undersigned's Joint Statement page limitation. (ECF No. 48.) In this regard the undersigned's Standard Information re discovery disputes, available on the court's web page at

http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-

1

judge-deborah-barnes-db, explains that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.  The parties' stipulation states that there "are forty-seven (47) unique RFPs at issue in the first discovery dispute" and "five (5) unique Interrogatories and thirty (30) unique deposition topics at issue in the second discovery dispute[.]"  (ECF No. 48 at 2-3.)  The parties, therefore, seek "a combined total 50-page limit for each Joint Statement."  (Id. at 3.)

On this record alone, the undersigned would not have granted the parties' stipulation.  That the parties' discovery dispute is voluminous reflects the need for additional meet and confer efforts, the hearing of discrete motions on separate dates, the hearing of considerable argument, etc.[1]  Not simply allowing the parties to file lengthier briefing.

However, on November 17, 2023, the parties did not file any Joint Statement, even one that exceeded the undersigned's page limitation.  Instead, plaintiff filed two statements styled as "Plaintiff's Portion of Joint Statement[.]"  (ECF No. 49 at 1; ECF No. 50 at 1.)  These documents do not contain any argument from defendants.  And each of these filings exceeds the undersigned's page limitation—with one statement alone consisting of 36 pages excluding exhibits—even though they contain no argument from defendants.[2]  On November 20, 2023, defendants filed their own statement as to one of plaintiff's motions, consisting of an additional 21 pages of briefing.  (ECF No. 52.)

Discovery in this action commenced over a year ago.  (ECF No. 32.)  As plaintiff acknowledges some of the discovery at issue was served on defendants "more than eleven months ago[.]"  (ECF No. 50 at 5.)  "The discovery process in theory should be cooperative and largely unsupervised by the district court."  Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018).  When assistance from the court is necessary, the undersigned is available

---

[1] The parties are advised that, in any future discovery dispute, the undersigned will not hear more than one discovery motion on a given law and motion calendar as doing so would render the undersigned's page limitation meaningless.

[2] The parties are advised that title pages, tables of contents, tables of citations, etc., all count toward the twenty-five-page limit.

2

for informal telephonic discovery conferences and the hearing of discovery motions. Why plaintiff did not seek the undersigned's assistance earlier is unclear. What is clear is that plaintiff has not complied with the Local Rules or the undersigned's Standard Information.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 8, 2023 motion to compel (ECF No. 42) is denied without prejudice;

2. Plaintiff's November 10, 2023 motion to compel (ECF No. 47) is denied without prejudice; and

3. The December 1, 2023 hearing of plaintiff's motions is vacated.

Dated: November 21, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.mtc.den.ord