UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT, | No. 2:22-cv-0350 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Pursuant to Local Rule 302(c)(1) this matter came before the undersigned on February 2, 2024, for hearing of plaintiff's motion to compel depositions. (ECF No. 57.) Attorneys Harrison Frahn, Ryan Snyder, and Hilary Soloff appeared on behalf of plaintiff. Attorney John Whitefleet appeared on behalf of defendants. After hearing oral argument, for the reasons explained below and at the February 2, 2024 hearing, plaintiff's motion is granted.

As explained by the assigned District Judge:

> This action arises from [plaintiff's] prosecution and conviction for the robbery and murder of Anthony Galati. In 2020, almost 19 years later, the California superior court granted plaintiff's writ of habeas corpus and vacated his convictions. A year later, the superior court found plaintiff factually innocent. Plaintiff then filed this action under 42 U.S.C. § 1983. In broad strokes, he alleges the defendants deprived him of his constitutional rights by withholding or ignoring exonerating evidence.

1

1  (ECF No. 36 at 2.)  In response to plaintiff's requests for production of documents defendants

2  repeatedly stated that various documents never existed or were not maintained and thus

3  defendants could not produce responsive documents.  (Joint Statement (ECF No. 68) at 6; ECF

4  No. 69-9.)  Plaintiff, therefore, served Notices of depositions pursuant to Rule 30(b)(6) of the

5  Federal Rules of Civil Procedure ("Rule").  (Joint Statement (ECF No. 68) at 2.)

6    "[T]he 'general purpose' of a Rule 30(b)(6) deposition is to 'permit[ ] the examining party

7  to discover the [entity's] position via a witness designated by the [entity] to testify on its behalf.'"

8  Estate of Thompson v. Kawasaki Heavy Industries, Ltd., 291 F.R.D. 297, 303 (N.D. Iowa 2013)

9  (quoting Rosenruist–Gestao E Servicos LDA v. Virgin Enters. Ltd., 511 F.3d 437, 440 n. 2 (4th

10 Cir. 2007)).  "[P]arties are entitled to test assertions in questioning witnesses during depositions,

11 and it is fundamental that parties may simultaneously utilize any or all of the discovery

12 mechanisms authorized by the rules."  Campbell v. Facebook Inc., 310 F.R.D. 439, 449 (N.D.

13 Cal. 2015) (quotation omitted); see also Kress v. Pricewaterhouse Coopers, LLP, No. 2:08-cv-

14 0965 LKK AC, 2013 WL 2421704, at *5 (E.D. Cal. June 3, 2013) ("there are strong reasons why

15 a party strategically selects to proceed by oral deposition rather than alternate means, including

16 the spontaneity of witness responses").

17   Plaintiff's Rule 30(b)(6) depositions seek to address three deposition topics:

18-19 > 1.  Any policy, procedure, or practice governing Your preservation or destruction of the Documents to type of Documents relevant to this action, including those sought in the Requests for Production.

20-21 > 2. Any searches you conducted to identify Documents requested in the Requests for Production.

22 > 3. Any actions taken to respond to the Requests for Production.

23 (Joint Statement (ECF No. 68) at 6.)  In response to these notices defendants have objected and

24 refused to produce a witness to testify.  (Id. at 2, 6.)

25-28 > Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information

        within this scope of discovery need not be admissible in evidence to
be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)). Moreover, "objections not raised in a written response to discovery may not be raised for the first time in a discovery motion." O. L. v. City of El Monte, Case No. 2:20-cv-0797 RGK (JDEx), 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021). "Similarly, objections asserted in discovery responses but not raised in briefing on a discovery motion are also waived." (Id.)

      Defendants assert that "[o]ther courts faced with discovery disputes regarding requests for information on document storage and retention have found that these requests are impermissible" citing to Ford Motor Co. v. Edgewood Properties, Inc., 257 F.R.D. 418 (D. N.J. 2009) (ECF No. 68 at 10.) Defendants' reliance on Ford is confusing as Ford supports plaintiff's motion.

      In this regard, in the portion of the Ford opinion cited by defendants, the court was addressing a request for "a substantial reconstruction of the document collection process by trying to *add* to the existing repository of ESI that Ford collected for a year ago." Id. at 427. The court in Ford refused to "grant burdensome discovery requests late in the game." Id.

      However, the court in Ford went on to endorse exactly what plaintiff seeks here, stating:

> Edgewood, of course, has other avenues of recourse if it truly believes that it is not getting what it is entitled to. The Court notes that no depositions have yet taken place in this litigation. If Edgewood wishes to press its argument that correspondence or other documentation in the realms in which it is concerned about must exist, it can take that up in depositions with fact witnesses who have knowledge in these areas.

Id. at 428.

////

////

3

1    Defendants also cite to Brand Energy & Infrastructure Services, Inc. v. Irex Corporation, CIVIL ACTION NO. 16-2499, 2018 WL 806341 (E.D. Pa. Feb. 9, 2018).[1] While Brand is not as supportive for plaintiff's motion as Ford, it hardly supports defendants' opposition. In this regard, as in Ford, the court in Brand was dealing with requests for production of documents at a "late stage." Id. at *2. That is not true here.

Moreover, it appears that in Brand a Rule 30(b)(6) deposition was held which proved significant. See id. at *1("I note that during his deposition testimony, Michael Kelly, the IT Director for Irex, testified that the ReadyNAS462 server was decommissioned sometime in 2016. . . . In light of that testimony, I will require that Defendants verify their response that none of the listed servers was commissioned or decommissioned during the identified period."); id. at *3 ("I note that previously I found Mr. Kelly's testimony sufficient to address the discovery efforts undertaken to comply with the Forensic Protocol").

The courts in Ford and Brand are not alone in recognizing the value of Rule 30(b)(6) depositions in dealing with issues such as those presented here. See MetroPCS v. A2Z Connection, LLC, Case No. 2:15-cv-1412 JAD-DJA, 2020 WL 127550, at *3 (D. Nev. Jan. 1, 2020) ("The Court will order Defendants to produce a 30(b)(6) representative for a deposition not longer than 4 hours to testify about four limited topics: (1) which documents responsive to Plaintiff's written discovery requests are being withheld subject to a privilege log if that is the reason for withholding, (2) which documents were destroyed and when, (3) which documents have never existed, (4) and which documents exist, but Defendants do not have possession, custody, or control over."); Campbell, 310 F.R.D. at 449 ("Plaintiffs have a right to verify and explore the information Facebook provided through a 30(b)(6) deposition"); M & F Fishing, Inc. v. Certain Underwriters at Lloyds, Case No. 06cv0934 DMS (BLM), 2007 WL 9706491, at *7 (S.D. Cal. Apr. 13, 2007) ("Given that authenticity of SeaPac's records is at issue in this case, Defendants' request to depose SeaPac's custodian of records appears relevant and properly discoverable.").

---

[1] Defendants' pinpoint citation is to "*6." (Joint Statement (ECF No. 68) at 10.) There is no such citation in the Brand opinion.

4

Defendants have also objected to the deposition topics based on a lack of time frame. (Joint Statement (ECF No. 68) at 6.) Plaintiff, however, has stipulated to a specific timeframe. (Id. at 9.) Defendants also object that the discovery "prematurely seeks discovery on discovery without any evidence of bad faith." (Joint Statement (ECF No. 68) at 12.) In support of this argument defendants cite to Freedman v. Weatherford Int'l Ltd., 2014 WL 4547039 (S.D. N.Y. Sept. 12, 2014), in addition to Ford and Brand cited above.

As was true with Ford and Brand, defendants' reliance of Freedman is also confusing and misplaced. Freedman concerned a motion for reconsideration of a denial of requests for production into the opposing party's document investigation, not Rule 30(b)(6) depositions. Id. at *1. Moreover, the court in Freedman acknowledged that "discovery on discovery is sometimes warranted" and that "where a party makes some showing that a producing party's production has been incomplete, a court may order discovery designed to test the sufficiency of that party's discovery efforts in order to capture additional relevant material." Id. at *1-2. Here, defendants' production has been less than incomplete, it has been essentially nonexistent. And plaintiff is seeking discovery that could ascertain whether defendants' production has in fact been incomplete.

Defendants also argue that deposition topic number 1 is "not reasonably particularly (sic) . . . and appears to be a request for production." (Joint Statement (ECF No. 68) at 10.) Why defendants think the deposition topic is a request for production is entirely unclear. Moreover, the deposition topic does appear to the undersigned to be reasonably particular.

Specifically, topic number 1 seeks to discuss any policy, procedure, or practice concerning the preservation or destruction of documents that would be relevant to this action. As this action concerns allegations that the defendants deprived plaintiff of his constitutional rights by withholding or ignoring exonerating evidence, documents relevant to this action would include documents relating to investigatory materials, warrants, evidence, jail files, lab reports, trial preparation materials, etc.

At the February 2, 2024 hearing defense counsel seemed to make a vague and conclusory assertion of burden. However, in opposing discovery on the grounds of burdensomeness, "a party

5

1   has the burden to show facts justifying their objection by demonstrating that the time or expense
2   involved in responding to requested discovery is unduly burdensome. This imposes an obligation
3   to provide sufficient detail in terms of time, money and procedure required to produce the
4   requested documents." Cory v. Aztec Steel Bldg., Inc., 225 F.R.D. 667, 672 (D. Kan. 2005)
5   (quotation omitted). Here, defendants have not provided sufficient details.

6   Finally, in the Joint Statement defendants seek a protective order quashing plaintiff's
7   deposition notices. (Joint Statement (ECF No. 68) at 13.) "The court may, for good cause, issue
8   an order to protect a party or person from annoyance, embarrassment, oppression, or undue
9   burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Rule 26(c), setting forth grounds for protective
10  orders, was enacted as a safeguard for the protection of parties and witnesses in view of the broad
11  discovery rights authorized in Rule 26(b)." U.S. v. Columbia Broadcasting System, Inc., 666
12  F.2d 364, 368-69 (9th Cir. 1982). The party seeking to limit discovery through a protective order
13  must show "good cause" for the protective order. Gray v. First Winthrop Corp., 133 F.R.D. 39,
14  40 (N.D. Cal. 1990).

15  "A party asserting good cause bears the burden, for each particular document it seeks to
16  protect, of showing that specific prejudice or harm will result if no protective order is granted."
17  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); see also In re
18  Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) ("The
19  party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that
20  specific prejudice or harm will result' if the protective order is not granted."). "'Broad allegations
21  of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule
22  26(c) test.'" Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)
23  (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)).

24  Here, defendants argue simply that they "would be harmed in requiring to expend
25  additional defense costs on matters only tangentially and vaguely related to the issues in this case,
26  or are so vague that if forced to produce on such little information would end up wasting all
27  parties' time[.]" (Joint Statement (ECF No. 68) at 14.) Defendants' argument is a broad
28  allegation of harm, unsubstantiated by a specific example or articulated reasoning. See generally

NuCal Foods, Inc. v. Quality Egg LLC, No. CIV S-10-3105 KJM CKD, 2012 WL 6629573, at *2 (E.D. Cal. Dec. 19, 2012) ("The party requesting a protective order must demonstrate specific facts that support the request, rendering conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one insufficient.").

Accordingly, for the reasons stated above and at the February 2, 2024 hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's December 22, 2023 motion to compel (ECF No. 57) is granted;
2. Within 14 days of the date of this order defendant shall designate their witnesses; and
3. Within 35 days of the date of this order the Rule 30(b)(6) depositions shall be completed.

Dated: February 2, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.oah.0202