UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT, | No. 2:22-cv-0350 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Pursuant to Local Rule 302(c)(1) this matter came before the undersigned on February 9, 2024, for hearing of plaintiff's motion to compel. (ECF No. 77.) Attorneys Hilary Soloff and Ryan Snyder appeared on behalf of plaintiff, who was also present. Attorney John Whitefleet appeared on behalf of defendants. After hearing oral argument, for the reasons explained below and at the February 9, 2024 hearing, plaintiff's motion is granted.

As explained by the assigned District Judge:

> This action arises from [plaintiff's] prosecution and conviction for the robbery and murder of Anthony Galati. In 2020, almost 19 years later, the California superior court granted plaintiff's writ of habeas corpus and vacated his convictions. A year later, the superior court found plaintiff factually innocent. Plaintiff then filed this action under 42 U.S.C. § 1983. In broad strokes, he alleges the defendants deprived him of his constitutional rights by withholding or ignoring exonerating evidence.

1

(ECF No. 36 at 2.[1]) At issue here are three categories of discovery requests: (1) evidence of constitutional violations arising from the Entity defendants' pervasive customs and policies related to the suppression of evidence; (2) evidence of constitutional violations arising from administrative failures to discipline individuals who violated others' constitutional rights; and (3) evidence of Brady violations by the Entity defendants' employees. (JS (ECF No. 71) at 6.) Review of defendants' argument in opposition finds it to be inadequate.

"The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)). An "objection must specifically state whether any responsive materials are being withheld on the basis of the objection. When an objection applies only to a portion of the documents requested, the responding party must identify the materials being withheld and produce the remainder." Request for Production of Documents and Things (FRCP 34 ), RUTTER GROUP PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL CH. 11(IV)-C.

In opposing the first two categories of discovery items defendants appear to have simply copied and pasted a discovery objection in place of argument and analysis. Compare id. at 8 lines 7- 20; with 11-12 lines 19-8; and 16 lines 7-24.) Therein, defendants assert "that the responses are not reasonably particular and the objections should be sustained." (JS (ECF No. 71) at 12) (emphasis added). Clearly defendants meant that the requests were not reasonably particular. Why defendants found them to be not reasonably particular it not said nor apparent.

Moreover, defendants assert that "[o]therwise, Defendants have provided amended responses that essentially state there are no responsive documents" because such "documents were not maintained." (Id.) Simply stating a document is not being produced because it "was not maintained" does not provide sufficient information. You might possess a document even if you did not have a policy or procedure to maintain it. Or an entity may have had a policy to maintain

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

such documents but failed to do so.  Or an entity may not have conducted a sufficient search for a responsive document.

Therefore, "[i]n responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence[.]"  Atcherley v. Clark, No. 1:12cv0225 LJO DLB (PC), 2014 WL 4660842, at *1 (E.D. Cal. Sept. 17, 2014) (citing Fed. R. Civ. P. 26).  "If the search does not reveal responsive materials, the responding party should provide sufficient information for the requesting party, and the court, to be satisfied that the investigation was adequate."  AECOM Energy & Construction, Inc. v. Ripley, Case No. CV 17-5398 RSWL (SSx), 2018 WL 4705914, at *7 (C.D. Cal. Apr. 26, 2018); see also Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *3 (E.D. Cal. Mar, 9, 2010) ("If, after a diligent search and reasonable inquiry, McKesson cannot produce the receipts, he must provide to Plaintiff a declaration detailing the steps he went through to locate those receipts and explain the prison's document retention policy, if applicable.").  "[B]oilerplate objections do not suffice."  Atcherley, 2014 WL 4660842 at *1.

Defendants also argue that plaintiff's motion is "moot" because "[o]ut of abundance of effort to explain the responses, counsel for Defendants agree to attempt to provide amended responses to clarify."  (JS (ECF No. 71) at 12.)  Agreeing to attempt to provide amended responses to clarify would not moot plaintiff's motion.

With respect to the third category of discovery at issue, (requests related to Brady violations), although defendants do not use the same cut and paste argument addressed above, their argument is largely the same and erroneous for the same reasons.  Defendants make the vague and conclusory assertion that the requests should be denied due to their "patent overbreadth" without articulating how any specific request is overbroad.  (Id. at 22.)

Defendants then "incorporate the discussion about reasonable particularity as addressed above[.]"  (Id.)  Again, defendants provide no specificity as to how any specific discovery request is not reasonably particular.  And defendants assert that because they "have indicated

////

3

amended responses will be provided in an attempt to clarify what 'did not maintain' encompasses" the motion is "moot." (Id.) That does not render the motion moot.

Plaintiff's motion, therefore, will be granted. Defendants have now twice come before the undersigned with unmeritorious opposition to discovery. "The discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions." Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020). In the future, a party that presents an unmeritorious discovery motion should be prepared for an award of monetary sanctions.

Accordingly, for the reasons stated above and at the February 9, 2024 hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's January 12, 2024 motion to compel (ECF No. 63) is granted; and

2. Defendants shall produce responsive discovery within fourteen days of the date of this order.

Dated: February 12, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.oah.0209