1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   JEREMY PHILLIP PUCKETT,                    No.  2:22-cv-0350 KJM DB

13                   Plaintiff,

14        v.                                    ORDER

15   COUNTY OF SACRAMENTO, et al.,

16                   Defendants.

17

18        Pursuant to Local Rule 302(c)(1) this matter came before the undersigned on February 23,

19   2024, for hearing of plaintiff's motion to compel.  (ECF No. 67.)  Attorneys Hilary Soloff and

20   Ryan Snyder appeared on behalf of plaintiff, who was also present.  Attorney John Whitefleet

21   appeared on behalf of defendants.  After hearing oral argument, plaintiff's motion was taken

22   under submission.

23        The discovery process in theory should be cooperative and largely unsupervised by the

24   district court."  Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018).

25   "When that cooperation breaks down, the district court has broad discretion to regulate discovery

26   conduct and, if needed, impose a wide array of sanctions."  Infanzon v. Allstate Insurance

27   Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020).  When the court grants a motion to compel it

28   must "after giving an opportunity to be heard," award "reasonable expenses incurred in making

                                              1

1   the motion, including attorney's fees," unless the "opposing party's position was 'substantially

2   justified' or that 'other circumstances make an award of expenses unjust.'" Id.  (quoting Fed. R.

3   Civ. P. 37(a)(5)(A)).  "The burden of establishing this substantial justification or special

4   circumstances rests on the party being sanctioned."  Id.

5         Moreover, "[u]nder its 'inherent powers,' a district court may also award sanctions in the

6   form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or

7   for oppressive reasons.'"  Leon v. IDX Systems Corp., 464 F.3d 951, 961 (9th Cir. 2006)

8   (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997)).  ""Rule

9   37(b) provides for sanctions against parties who unjustifiably resist discovery."  Quadrozzi v.

10   City of New York, 127 F.R.D. 63, 73 (S.D. N.Y. 1989).  "Monetary sanctions, in particular, may

11   be awarded to compensate for added expense caused by the recusant party's conduct."  Id. at 74.

12   "In evaluating the propriety of sanctions, we look at all incidents of a party's misconduct."

13   Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990).

14         For the reasons stated at the February 23, 2024 hearing, IT IS HEREBY ORDERED that:

15         1.  Within seven days of the date of this order plaintiff shall file briefing addressing the

16   issue of awarding plaintiff reasonable fees and costs associated with bringing the current motion;

17         2.  Defendants may file an opposition, or statement of non-opposition, within seven days

18   of the filing of plaintiff's brief; and

19         3.  Plaintiff's may file a reply brief within seven days thereafter.

20   Dated:  February 23, 2024

21

22

23                                                    DEBORAH BARNES
                                                      UNITED STATES MAGISTRATE JUDGE

24   DLB:6
     DB/orders/orders.civil/puckett0350.oah.0223

25

26

27

28

2