UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY PHILLIP PUCKETT,

Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

No. 2:22-cv-0350 KJM DB

ORDER

Pursuant to Local Rule 302(c)(1) this matter came before the undersigned on March 15, 2024, for hearing of plaintiff's motion to compel. (ECF No. 112.) Attorneys Hilary Soloff, Ryan Snyder, and Harrison Frahn appeared on behalf of plaintiff, who was also present. Attorney John Whitefleet appeared on behalf of defendants. After hearing oral argument, plaintiff's motion was taken under submission.

As the parties are aware in 2001, plaintiff was prosecuted and convicted of robbery and murder. (ECF No. 36 at 2.) Almost 19 years later plaintiff's conviction was vacated. (Id.) A year later plaintiff was found factually innocent. (Id.) This action alleges defendants violated plaintiff's constitutional rights by withholding or ignoring exonerating evidence. (Id.) Plaintiff's motion seeks to compel depositions. (ECF No. 83.)

////

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "If relevance is in doubt, courts should err on the side of permissive discovery." Wiginton v. CB Richard Ellis, Inc., 229 F.R.D. 568, 577 (N.D. Ill. 2004). The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

**I. Defense Counsel's Refusal to Meet and Confer**

Local Rule 251(b) requires that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Id.) Moreover, undersigned's Standard Information re discovery disputes found on to the court's web page at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db explains that parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the Joint Statement.

Here, the Joint Statement reflects that "[d]espite at least six separate e-mails and two separate phone calls over an eight-day period, the Entity Defendants' counsel did not respond to Plaintiff's counsel's request to meet and confer regarding the Topics until the afternoon of the filing of the Motion. The Entity Defendants' counsel declined to meet and confer, stating he 'd[idn]'t see any utility in discussing the issues below any further that we have already at this

////

point.'" (JS (ECF No. 98) at 3.) This assertion is supported by documentary evidence. (Snyder Decl. Ex. 10 (ECF No. 99-10) at 2.)

The undersigned provided defense counsel an opportunity to explain this conduct at the March 15, 2024 hearing. Defense counsel reiterated the assertion that the meet and confer requirements had been complied with because the parties had previously met and conferred with respect to these issues in connection with a previously filed motion to compel. However, neither the Local Rules nor the undersigned's Standard Information allow for the meet and confer requirements to be satisfied by reliance on a prior motion. Nor do they permit a party to unilaterally refuse to meet and confer.

The refusal to meet and confer is a violation of the Local Rules and the undersigned's Standard Information. Such a violation is an independent basis to both grant the motion to compel and to sanction defense counsel, who is well aware of the rules of this court and the undersigned's Standard Information. See Local Rule 251(d) ("Refusal of any counsel to participate in a discovery conference . . . shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel.").

**II. Plaintiff's Motion to Compel**

Plaintiff's motion to compel concerns defendants' objections and responses to plaintiff's Federal Rule of Civil Procedure 30(b)(6) deposition topics. (JS (ECF No. 98) at 1-2.) "[T]he 'general purpose' of a Rule 30(b)(6) deposition is to 'permit[ ] the examining party to discover the [entity's] position via a witness designated by the [entity] to testify on its behalf.'" Estate of Thompson v. Kawasaki Heavy Industries, Ltd., 291 F.R.D. 297, 303 (N.D. Iowa 2013) (quoting Rosenruist–Gestao E Servicos LDA v. Virgin Enters. Ltd., 511 F.3d 437, 440 n. 2 (4th Cir. 2007)). "[P]arties are entitled to test assertions in questioning witnesses during depositions, and it is fundamental that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules." Campbell v. Facebook Inc., 310 F.R.D. 439, 449 (N.D. Cal. 2015) (quotation omitted); see also Kress v. Pricewaterhouse Coopers, LLP, No. 2:08-cv-0965 LKK AC, 2013 WL 2421704, at *5 (E.D. Cal. June 3, 2013) ("there are strong reasons why a party

////

strategically selects to proceed by oral deposition rather than alternate means, including the spontaneity of witness responses").

In opposing plaintiff's motion, defendants continue their practice of asserting numerous arguments that are vague, conclusory, unsupported, unintelligible, and/or unmeritorious. See ECF Nos. 74, 80, 94. In this regard, defendants begin by asserting that "Plaintiff's method of addressing the topics in groups forces Defendants to repeat the issues and objections, and will address each one[.]" (JS (ECF No. 98) at 9.) The import of this sentence is entirely unclear.

Moreover, at the March 15, 2024 hearing and within the Joint Statement, defendants make vague allusions to burdensomeness. However, "[i]n opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents." Cory v. Aztec Steel Bldg., Inc., 225 F.R.D. 667, 672 (D. Kan. 2005). No such detail has been provided here. The undersigned will address the individual deposition topics below.

**A. Sherriff's Office Topic 10**

This topic concerns "actual or potential discipline . . . against Defendant Minter, Defendant Gregersen, Defendant Bayles, Defendant Bell, Defendant Maulsby, or Stan Reed[.]" (JS (ECF No. 98) at 9[1].) As to this topic defendants assert "Overbreadth of time" without any explanation or argument in support of this vague and conclusory assertion. (Id. at 10.) Defendants then assert that "Plaintiff cannot establish relevancy[.]" (Id.)

However, as noted by plaintiff in the Joint Statement, defendants did not assert an objection based on relevancy in their written response to plaintiff's discovery. (Id.) "[O]bjections not raised in a written response to discovery may not be raised for the first time in a discovery motion." O. L. v. City of El Monte, Case No. 2:20-cv-0797 RGK (JDEx), 2021 WL

////

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

926105, at *3 (C.D. Cal. Jan. 11, 2021). "Similarly, objections asserted in discovery responses but not raised in briefing on a discovery motion are also waived." (Id.)

The undersigned raised this issue with defense counsel at the March 15, 2024 hearing. Defense counsel asserted that an objection based on relevancy cannot be waived. That assertion is false. "It is well settled that the failure to timely assert an objection . . . results in waiver of the objection." Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 665 (D. Kan. 2004) (ruling that the defendant waived relevancy objection); see also Colonies Partners LP v. Cnty. of San Bernardino, Case No. 5:18-cv-0420 JGB (SHKx), 2019 WL 2895187, at *5 (C.D. Cal. May 1, 2019) (finding waiver of relevancy objection); Treminio v. Crowley Maritime Corporation, 3:22-cv-0174 CPK PDB, 2023 WL 8615135, at *3-4 (M.D. Fla. Dec. 13, 2023) (same); Alexander v. BF Labs Inc., No. 14-2159, 2015 WL 3649460, at *2 (D. Kan. June 11, 2015) ("defendant failed to raise a relevancy objection in its initial response to the subject discovery and . . . as a result, that objection has been waived").

Moreover, even if the defendants had timely raised this objection, the undersigned finds this topic both relevant and not overbroad. "District courts have broad discretion to determine relevancy for discovery purposes." Scherer v. FCA US, LLC, 538 F.Supp.3d 1002, 1004 (S.D. Cal. 2021). In evaluating proportionality, the court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"A complaint guides the parties' discovery[.]" Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000). As explained by the assigned District Judge, the complaint alleges that plaintiff was incarcerated based on convictions for robbery and murder for roughly 20 years, despite being factually innocent, as a result of defendants' withholding or ignoring exonerating evidence. (ECF No. 36 at 2.) The complaint also describes two similar instances in which "Sheriff's deputies committed similar constitutional violations in the form of evidence suppression" and identifies "79 civil rights violations over seven years[.]" (Id. at 13-14.) The complaint also alleges that the "Sheriff's Office has not disciplined officers who deprive persons

of their constitutional rights." (Id. at 14.) The assigned District Judge has found that these allegations support claims for Monell liability against the County of Sacramento and the Sheriff's Office based on a pattern of incidents in which Sheriff's deputies committed similar constitutional violations and the failure to discipline officers who deprive persons of their constitutional rights. (Id. at 13-14.)

Considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, the undersigned finds plaintiff's discovery to be both relevant and proportional to the needs of this case.

**B. District Attorney's Office Topic 14 & Topic 15**

Deposition topic 14 & 15 concerns the decision to discipline, or refrain from disciplining, employees for Brady[2] violations between January 1, 1990 and December 31, 2005. (JS (ECF No. 98) at 10, 12-13.) Again, defendants assert an objection based on relevancy that was not asserted in the written response. That is erroneous for the reasons noted above. And the undersigned likewise finds this topic relevant for the reasons noted above.

Defendants also argue that plaintiff has only alleged a "few cases" of Brady violations which "do not give Plaintiff *carte blanche* to seek each and every violation . . . or Brady in all civil and criminal context." (JS (ECF No. 98) at 11.) And that this topic is not reasonably proportional. (Id.) As noted by the assigned District Judge plaintiff's claims do not just rely on a "few cases," but instead the allegation that there have been "a substantial number" of instances "of evidence manipulation" which "plaintiff cannot, without discovery" provide the factual details of. (ECF No. 36 at 14.) Moreover, evidence of Brady violations in either the criminal or civil context are relevant and proportional to plaintiff's claims based on a pattern of incidents of similar constitutional violations and the failure to discipline officers who deprive persons of their

////

---

[2] "Brady requires the disclosure of impeachment evidence as well as exculpatory evidence." Parker v. Cnty. of Riverside, 78 F.4th 1109, 1112 (9th Cir. 2023) (quotation omitted).

constitutional rights. In this regard, the undersigned finds this topic relevant, proportional, and not overbroad.

**C. Sacramento County Topic 22, Topic 23, and Topic 24**

These topics concern defendant Sacramento County's response to plaintiff's Public Records Act Request 21-1274. (JS (ECF No. 98) at 13-15.) Defendant County "submits there is no authority, statutory or caselaw stemming from federal court that has allowed discovery into how documents were produced under a PRA request, outside a claim for violation of the Act itself." (Id.) The undersigned has previously considered this argument and finds it without merit for those same reasons. (ECF No. 94 at 4-5.) Defendants also raise the same arguments as to relevance and proportionality considered and rejected above. (Id.)

Defendants also assert that "[t]o the extent any compilation or effort to produce the document was made in consult with the County Counsel's office, such implicates attorney client or work product. Plaintiff has not made any showing that they would be entitled to such information." (JS (ECF No. 98) at 14.) The undersigned previously advised defense counsel that this vague and conclusory assertion of both the attorney client privilege and attorney work product protection was "woefully inadequate." (ECF No. 95 at 5.) Presented with nothing more than this utterly vague and conclusory assertion, defense counsel has failed to provide any information necessary to assert attorney client privilege or work product protection.

**D. Sheriff's Office Topic 11**

This deposition topic concerns the potential inclusion of "Defendant Minter, Defendant Gregersen, Defendant Bayles, Defendant Bell, Defendant Maulsby, or Stan Reed . . . in a list, record, or database of information bearing on law enforcement officer credibility sometimes referred to as a 'Brady List.'" (JS (ECF No. 98) at 15.)

Once again, defendants raise an objection as to relevancy despite having not asserted that objection in their written response, thus waiving the objection. (Id. at 18, 19.) Moreover, even if defendants had not waived this objection, this information is relevant for the reasons articulated above. In this regard, the defendants' decision to discipline, or not discipline, employees known to have committed Brady violation is central to plaintiff's complaint.

**E. Sheriff's Office Topic 12, District Attorney's Office Topic 13, District Attorney's Office Topic 21**

Deposition topics 12 and 13 concerns actual or potential Brady violations by employees from January 1, 1990, to December 31, 2005. (Id. at 19-20.) Again, defendants attempt to rely on a relevancy objection they waived. (Id. at 20.) Defendants also repeat the same proportionality argument addressed above. (Id. at 21.) For the same reasons addressed above, the undersigned finds this topic relevant and proportional.

Deposition topic 21 concerns policies and procedures for tracking alleged constitutional violations between January 1, 1990 and December 31, 2005. (Id. at 22.) In addition to the same arguments addressed and rejected above, defendants argue this topic is "patently overly broad." (Id.) "District courts addressing discovery-related disputes in cases involving Monell claims have routinely recognized that such claims often require a broad and substantial amount of discovery that would not be involved if the plaintiff sued only the individuals directly involved in the deprivation of his rights." Awalt v. Marketti, No. 11 C 6142, 2012 WL 6568242, at *3 (N.D. Ill. Dec. 17, 2012). The very nature of a Monell claim often necessarily implicates burdensome, but not unduly burdensome, discovery. See Id. at *7 ("the fact that Monell claims implicate a potentially large number of events taking place in an organization over a period of time, they naturally, and necessarily require extensive and often burdensome discovery").

Here, given the allegations at issue, the undersigned finds this topic to relevant, proportional, and not overly broad.

**F. Sherriff's Office Topic 4-7, 23**

Topic 4 concerns the "Dvorsky Investigation." (JS (ECF No. 98) at 23.) Topic 5 concerns the "Galati Investigation." (Id.) Topic 6 concerns plaintiff's prosecution. (Id.) Topic 7 concerns plaintiff's conviction. (Id.) And topic 23 concerns communications with plaintiff or plaintiff's legal representatives prior to plaintiff's sentencing on March 14, 2002 for the robbery and murder of Anthony Galati. (Id.)

Defendants object to these topics as overly broad. (Id.) The undersigned finds that argument without merit for the same reasons addressed above. Defendants also argue these topics

are vague. (Id.) However, "'[t]he party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. The responding party should exercise common sense and attribute ordinary definitions to terms in discovery requests.'" Bryant v. Armstrong, 285 F.R.D. 596, 606 (S.D. Cal. 2012) (quoting Swackhammer v. Sprint Corp., 225 F.R.D. 658, 662 (D. Kan. 2004)).

Here, defendants' argument itself is a vague and conclusory paragraph asserting, without explanation that "Categories 4-7 fails to meet the reasonable particularity standard" and that "Category No. 23 . . . is wholly unclear[.]" (JS (ECF No. 98) at 25.) The undersigned disagrees and finds these topics, relevant, proportional, specific, and not overly broad.

## III. Sanctions

"The discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions." Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020). When the court grants a motion to compel it must "after giving an opportunity to be heard," award "reasonable expenses incurred in making the motion, including attorney's fees," unless the "opposing party's position was 'substantially justified' or that 'other circumstances make an award of expenses unjust.'" Id. (quoting Fed. R. Civ. P. 37(a)(5)(A)). "The burden of establishing this substantial justification or special circumstances rests on the party being sanctioned." Id.

Moreover, "[u]nder its 'inherent powers,' a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Leon v. IDX Systems Corp., 464 F.3d 951, 961 (9th Cir. 2006) (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997)). Failing to produce discovery and responding with "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy . . . . are a paradigm of discovery abuse." Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D. N.Y. 2009).

////

Here, it appears that defendants' opposition to plaintiff's motion was without merit and without substantial justification. Moreover, defendants have repeatedly asserted these unmeritorious arguments in opposing multiple discovery motions, sometimes verbatim. Given defendants' conduct, the undersigned is inclined to award plaintiff the reasonable expenses incurred in bringing this motion. The parties, however, will be allowed to brief this issue.

**CONCLUSION**

Accordingly, for the reasons stated above and at the March 15, 2024 hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's February 16. 2024 motion to compel (ECF No. 83) is granted;

2. Defendants shall produce responsive discovery within seven days of the date of this order;

3. Within seven days of the date of this order defense counsel shall pay sanctions in the amount of $500 for violating the Local Rules and the undersigned's Standard Information;

4. Within seven days of the date of this order plaintiff shall file a brief regarding monetary sanctions; and

5. Defendants shall file an opposition, or statement of non-opposition within seven days thereafter.

Dated: March 19, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.oah.0315