1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12    JEREMY PHILLIP PUCKETT,                     No.  2:22-cv-0350 KJM DB

13                    Plaintiff,

14         v.                                     ORDER

15    COUNTY OF SACRAMENTO, et al.,

16                    Defendants.

17

18         Pursuant to Local Rule 302(c)(1) this matter came before the undersigned on March 22,

19    2024, for hearing of plaintiff's motion to compel.  (ECF No. 120.)  Attorneys Hilary Soloff, Ryan

20    Snyder, and Harrison Frahn appeared on behalf of plaintiff, who was also present.  Attorney John

21    Whitefleet appeared on behalf of defendants.  After hearing oral argument, plaintiff's motion was

22    taken under submission.

23         This action arises from plaintiff's conviction in 2001 for robbery and murder.  (ECF No.

24    36 at 2.)  Plaintiff, however, was innocent - a finding made almost 20 years later.  (Id.)  Plaintiff

25    is proceeding on claims that the defendants violated plaintiff's constitutional rights by

26    withholding or ignoring exonerating evidence.  (Id.)  Plaintiff's motion seeks to compel the

27    production of documents.  (ECF No. 87.)

28    ////

                                           1

1    **I.      Plaintiff's Motion to Compel**

2          "A complaint guides the parties' discovery[.]"  <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d

3    1271, 1292 (9th Cir. 2000).  As explained by the assigned District Judge, the complaint alleges

4    that plaintiff was incarcerated based on convictions for robbery and murder for roughly 20 years,

5    despite being factually innocent, as a result of defendants' withholding or ignoring exonerating

6    evidence.  (ECF No. 36 at 2.)  The complaint also describes two similar instances in which

7    "Sheriff's deputies committed similar constitutional violations in the form of evidence

8    suppression" and identifies "79 civil rights violations over seven years[.]"  (<u>Id.</u> at 13-14.)  The

9    complaint also alleges that the "Sheriff's Office has not disciplined officers who deprive persons

10   of their constitutional rights."  (<u>Id.</u> at 14.)  The assigned District Judge has found that these

11   allegations support claims for <u>Monell</u> liability against the County of Sacramento and the Sheriff's

12   Office based on a pattern of incidents in which Sheriff's deputies committed similar constitutional

13   violations and the failure to discipline officers who deprive persons of their constitutional rights.

14   (<u>Id.</u> at 13-14.)

15              Parties may obtain discovery regarding any nonprivileged matter that
                is relevant to any party's claim or defense and proportional to the
16              needs of the case, considering the importance of the issues at stake
                in the action, the amount in controversy, the parties' relative access
17              to relevant information, the parties' resources, the importance of the
                discovery in resolving the issues, and whether the burden or expense
18              of the proposed discovery outweighs its likely benefit.  Information
                within this scope of discovery need not be admissible in evidence to
19              be discoverable.

20   Fed. R. Civ. P. 26(b)(1).  "District courts have broad discretion to determine relevancy for

21   discovery purposes."  <u>Scherer v. FCA US, LLC</u>, 538 F.Supp.3d 1002, 1004 (S.D. Cal. 2021).

22   And "[r]elevancy, for the purposes of discovery, is defined broadly, although it is not without

23   ultimate and necessary boundaries."  <u>Gonzales v. Google, Inc.</u>, 234 F.R.D. 674, 679-80 (N.D.

24   Cal. 2006).  "If relevance is in doubt, courts should err on the side of permissive discovery."

25   <u>Wiginton v. CB Richard Ellis, Inc.</u>, 229 F.R.D. 568, 577 (N.D. Ill. 2004).

26          In evaluating proportionality, the court looks to "the importance of the issues at stake in

27   the action, the amount in controversy, the parties' relative access to relevant information, the

28   parties' resources, the importance of the discovery in resolving the issues, and whether the burden

2

or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

"[O]bjections should be plain enough and specific enough so that the court can understand in what way the [requests] are alleged to be objectionable." Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). "[O]bjections not raised in a written response to discovery may not be raised for the first time in a discovery motion." O. L. v. City of El Monte, Case No. 2:20-cv-0797 RGK (JDEx), 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021). "Similarly, objections asserted in discovery responses but not raised in briefing on a discovery motion are also waived." (Id.)

"District courts addressing discovery-related disputes in cases involving Monell claims have routinely recognized that such claims often require a broad and substantial amount of discovery that would not be involved if the plaintiff sued only the individuals directly involved in the deprivation of his rights." Awalt v. Marketti, No. 11 C 6142, 2012 WL 6568242, at *3 (N.D. Ill. Dec. 17, 2012). The very nature of a Monell claim often necessarily implicates burdensome, but not unduly burdensome, discovery. See Id. at *7 ("the fact that Monell claims implicate a potentially large number of events taking place in an organization over a period of time, they naturally, and necessarily require extensive and often burdensome discovery").

Before addressing the specific discovery items at issue, it is important to address the relevant context in which this motion arises and the history of discovery in this action. No case has come more frequently before the undersigned for hearing of discovery disputes. And no case before the undersigned has involved the repeated assertion of entirely unmeritorious opposition to discovery.

On four prior occasions, the undersigned heard a motion to compel brought by plaintiff. (ECF Nos. 73, 77, 85, 112.[1]) In opposing those motions defendants asserted opposition that was

_____

[1] As of the writing of this order plaintiff has three additional motions to compel yet to be heard as well as a motion to find defendants in contempt. (ECF Nos. 97, 122, 123, 131.)

nothing more than vague, conclusory, unsupported, unintelligible, and/or without merit, including opposition based on arguments that had been waived. The undersigned has repeatedly informed defendants of this and explained the specific deficiencies of defendants' arguments. See ECF Nos. 74, 80, 94, 119. Undeterred, defendants continue to assert these same arguments, sometimes verbatim, in opposing this motion.

"It is the longstanding practice in federal court that boilerplate objections and unsupported privilege assertions, including assertions of the attorney-client privilege, the work product doctrine, etc., are improper." Bragel International, Inc. v. Kohl's Department Stores, Case No. CV 17-7414 RGK (SSx), 2018 WL 7890682, at *5 (C.D. Cal. Nov. 14, 2018). "Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Fracasse v. People's United Bank, Civ. No. 3:12CV670 (JCH)2013 WL 6017332, at *2 (D. Conn. Nov. 13, 2013) (quotation and alteration omitted). And "one does nothing to preserve [] privilege by simply setting forth a generalized, i.e., boilerplate, objection. If the privilege is worth preserving, it is worth being identified in a privilege log-and the Federal Rules require such." Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of U.S. of America v. Leonard, No. CIV S-07-2665 LKK GGH, 2009 WL 1118896, at *4 (E.D. Cal. Apr. 23, 2009).

Having reviewed the parties' briefing and arguments, and considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, the undersigned finds plaintiff's discovery to be both relevant and proportional to the needs of this case. Plaintiff's motion, therefore, will be granted for the reasons explained in the parties' briefing, at the March 22, 2024 hearing, the undersigned's prior orders, and below.

////

////

4

A.    **Plaintiff's Request for Production Nos. 22 & 23**

These requests seek documents related to the training of employees between January 1, 1990 and December 31, 2005, with respect to: (i) exculpatory evidence, (ii) exculpatory evidence disclosure, (iii) exculpatory evidence suppression, (iv) evidence preservation and destruction, (v) obligations stemming from <u>Brady v Maryland</u>, 373 U.S. 83 (1963), and its progeny, and/or (vi) <u>Brady</u> violations.[2]  (JS (ECF No. 106) at 5[3].)

In opposition to Request for Production No. 22, directed to defendant Sacramento County Sheriff's Office, defendants argue:

> Here, training on what could be exculpatory is not reasonably proportional to the claims.  For example, training on warrant applications which speak to should be included is not relevant nor reasonably proportional to this case.  Otherwise, Plaintiff's attempt to gain information from POST fails to appreciate or understand that such has no bearing on the validity of the response, which defers to the materials: the basic academy Learning Domains which are provided to individuals deputies but are not maintained by the Sheriffs' Office.  The motion should be denied.

(<u>Id.</u> at 8-9.)  Defendants' argument is nearly unintelligible.

Moreover, defendants vague and conclusory assertions that "training on what could be exculpatory is not reasonably proportional" is inadequate.  A party objecting to discovery on the grounds of proportionality

> still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

<u>Carr v. State Farm Mutual Automobile Insurance Company</u>, 312 F.R.D. 459, 468 (N.D. Tex. 2015); <u>see</u> <u>also</u> <u>First American Bankcard, Inc. v. Smart Business Technology, Inc.</u>, CIVIL

---

[2] "<u>Brady</u> requires the disclosure of impeachment evidence as well as exculpatory evidence." <u>Parker v. Cnty. of Riverside</u>, 78 F.4th 1109, 1112 (9th Cir. 2023) (quotation omitted).

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  ACTION NO. 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) ("defendant has offered

2  nothing sufficient to support or establish its objections on grounds of disproportionality"); In re

3  Bard IVC Filters Products Liability Litigation, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("The

4  Advisory Committee Note makes clear, however, that the amendment does not place the burden

5  of proving proportionality on the party seeking discovery.").

6       In opposition to Request for Production No. 23, directed to the Sacramento County

7  District Attorney's Office, defendants argue that plaintiff's "Monell claim is based on [the]

8  alleged failure to discipline, not train" and, therefore, "the request is not relevant to any claim."

9  (JS (ECF No. 106) at 10.)  Defendants' definition of relevance fails to comply with the broad

10  definition applied for discovery purposes.  See Google, Inc., 234 F.R.D. at 679-80.

11       Plaintiff is proceeding on a claim that the Sacramento County District Attorney's Office

12  failed to discipline prosecutors who committed Brady violations.  (ECF No. 36 at 16-17.)  Such

13  conduct concerns "administrative oversight of systems used to help prosecutors comply with their

14  constitutional duties."  Goldstein v. City of Long Beach, 715 F.3d 750, 762 (9th Cir. 2013).

15  Disciplinary decisions in the workplace routinely concern an evaluation of the employee's

16  conduct in comparison to the training the employee received.  As explained by plaintiff,

17  information about the training of employees of the Sacramento County District Attorney's Office

18  with respect to Brady is relevant to evaluating the decision of the District Attorney's Office to

19  discipline, or fail to discipline, employees who may have violated that training.  (JS (ECF No.

20  106) at 6.)

21       Plaintiff is entitled to discover what training employees of the District Attorney's Office

22  received with respect to Brady so that plaintiff can more fully evaluate the office's disciplinary

23  decision.  Defendants also argue that plaintiff has failed "to show how the response regarding that

24  "training to attorneys is via MCLE is maintained by the individual, not maintained by the

25  Defendant in the ordinary course of business' is not a sufficient response."  (Id. at 10.)  This

26  argument seems to ignore the undersigned's February 12, 2024 order.

27       In that order, (ECF No. 80 at 3), the undersigned explained to defendants, and provided

28  authority, that "[i]n responding to discovery requests, a reasonable inquiry must be made, and if

6

1   no responsive documents or tangible things exist . . . the responding party should so state with

2   sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry

3   and exercised due diligence[.]" Atcherley v. Clark, No. 1:12cv0225 LJO DLB (PC), 2014 WL

4   4660842, at *1 (E.D. Cal. Sept. 17, 2014) (citing Fed. R. Civ. P. 26).  "If the search does not

5   reveal responsive materials, the responding party should provide sufficient information for the

6   requesting party, and the court, to be satisfied that the investigation was adequate."  AECOM

7   Energy & Construction, Inc. v. Ripley, Case No. CV 17-5398 RSWL (SSx), 2018 WL 4705914,

8   at *7 (C.D. Cal. Apr. 26, 2018); see also Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010

9   WL 892093, at *3 (E.D. Cal. Mar, 9, 2010) ("If, after a diligent search and reasonable inquiry,

10  McKesson cannot produce the receipts, he must provide to Plaintiff a declaration detailing the

11  steps he went through to locate those receipts and explain the prison's document retention policy,

12  if applicable.").

13       **B.**    **Requests Related to Discipline for <u>Brady</u> Violations**

14       These requests seek documents concerning the decision to discipline employees for <u>Brady</u>

15  violations between January 1, 1990, and December 31, 2005.  (JS (ECF No. 106) at 11.)

16  Defendants appear to have recycled their opposition here from unmeritorious arguments offered

17  up in opposition to a prior motion to compel by simply copying and pasting large portions.

18  Compare ECF No. 78 at 8-12 with ECF No. 106 at 13-16.  The undersigned previously explained

19  to defendants why those arguments lack merit in an order issued on February 28, 2024.  (ECF No.

20  94.)

21       **C.**    **Requests About Employment History**

22       These requests seek documents related to the employment history of named defendants.

23  (JS (ECF No. 106) at 16.)  Defendants initially objected.  (Id.)  Defendants then served an

24  amended response asserting that defendants were "unable to produce any documents" because the

25  defendants "did not and does not maintain the personnel files as requested," explaining that "[n]o

26  documents are being withheld on the basis of the objections."  (Id. at 16-17.)  Defendants'

27  decision to oppose these requests for a lengthy period of time only to withdraw that opposition in

28  ////

1  briefing a motion to compel is puzzling.  However, as explained above and repeatedly to

2  defendants, simply responding that a document was not maintained is not sufficient.

3          **D.**        **Requests About the March 29, 2001 Complaint and Warrant**

4        This request seeks documents concerning the March 29, 2001 complaint and request for a

5  warrant for plaintiff's arrest.  Defendants assert this request is "not relevant to any claim."  (JS

6  (ECF No. 106) at 20.)  However, defendants did not assert a relevancy objection in their written

7  response to this request.  (Id. at 18.)  As the defendants have been repeatedly informed

8  "objections not raised in a written response to discovery may not be raised for the first time in a

9  discovery motion."  O. L., 2021 WL 926105 at *3; see also Swackhammer v. Sprint Corp. PCS,

10  225 F.R.D. 658, 665 (D. Kan. 2004) ("It is well settled that the failure to timely assert an

11  objection . . . results in waiver of the objection.").

12        Moreover, even if the defendants had not waived this objection, the undersigned finds this

13  request relevant.  The events surrounding plaintiff's arrest and prosecution are foundational to

14  this action.  It is difficult to conceive of evidence more relevant to plaintiff's claims than

15  documents related to the warrant and complaint that resulted in his wrongful conviction.

16          **E.**        **Requests Regarding the Creation of The Spreadsheet**

17        This request seeks documents concerning a spreadsheet produced by the County that may

18  contain "'possible matches' to prosecutorial misconduct claim information."  (JS (ECF No. 106)

19  at 21.)  Once again, defendants have recycled their unmeritorious arguments asserted in

20  opposition to a prior motion.  Compare ECF No. 78 at 14-15 with ECF No. 106 at 21-22.  Those

21  arguments are deficient for the reasons explained in the February 28, 2024 order.  (ECF No. 94.)

22        Moreover, the undersigned will add that a central allegation at issue in this action is

23  defendants' alleged failure to discipline employees known to have committed Brady violations.

24  Discovery concerning the defendants' creation of a spreadsheet related to such violations is

25  relevant to those allegations.

26  ////

27  ////

28  ////

1    **F.     Requests Related to Polices, Procedures, and Practices Governing**

2    **Preservation or Destruction of Documents.**

3         This category seeks documents concerning defendants' policy to preserve or destroy

4    documents relevant to this action.  (JS (ECF No. 106) at 23.)  Defendants responded to this

5    request with numerous boilerplate objections.  (Id.)  Instead of discussing any objection with

6    particularity, defendants simply "submit the objections . . . should be sustained."[4]  (Id. at 25.)

7    "The party who resists discovery has the burden to show that discovery should not be allowed,

8    and has the burden of clarifying, explaining, and supporting its objections."  Oakes, 179 F.R.D. at

9    283.

10        Defendants also argue that the "request forces Defendants to speculate as to the meaning

11   of 'type of documents relevant to this action.'"  (Id.)  "'The party objecting to discovery as vague

12   or ambiguous has the burden to show such vagueness or ambiguity.  The responding party should

13   exercise common sense and attribute ordinary definitions to terms in discovery requests.'"

14   Bryant v. Armstrong, 285 F.R.D. 596, 606 (S.D. Cal. 2012) (quoting Swackhammer v. Sprint

15   Corp., 225 F.R.D. 658, 662 (D. Kan. 2004)).

16        As noted above, this action concerns allegations that the defendants violated plaintiff's

17   constitutional rights by withholding or ignoring exonerating evidence.  And that the defendants

18   failed to discipline employees who engaged in that conduct.  Exercising common sense and

19   attributing ordinary definitions to the terms, the undersigned finds no ambiguity in plaintiff's

20   request for "Documents and Communications concerning any policy, procedure, or practice

21   governing Your preservation or destruction of Documents or types of Documents relevant to this

22   Action[.]"  (JS (ECF No. 106) at 23.)

23   **III.    Sanctions**

24        This is now the fifth motion to compel defendants have forced plaintiff to bring based on

25   opposition that was without merit.[5]  It will come as no surprise to the defendants that plaintiff

---

26   [4] Defendants complain that plaintiff provided no "time frames."  (JS (ECF No. 106) at 25.

27   "Plaintiff again states that he seeks information responsive to this Request from January 1, 1990
     through the present."  (Id.)

28   [5] Defendants have sought reconsideration of three of the undersigned's orders granting plaintiff's

9

1   may be awarded monetary sanctions in connection with brining this motion.  And the undersigned

2   has ordered the parties to brief this issue.  (ECF No. 105.)  Therefore, a separate order will issue

3   addressing the issue of monetary sanctions.

4                                                  **CONCLUSION**

5          Accordingly, for the reasons stated above, in the undersigned's prior orders, and at the

6   March 22, 2024 hearing, IT IS HEREBY ORDERED that:

7          1.  Plaintiff's February 23, 2024 motion to compel (ECF No. 87) is granted; and

8          2.  Defendants shall produce responsive discovery within seven days of the date of this

9   order.

10  Dated:  March 28, 2024

11

12                                                                    _____

13                                                                    DEBORAH BARNES
                                                                      UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20  DLB:6
    DB/orders/orders.civil/puckett0350.oah.0322
21

22

23

24

25  _____

26  motions to compel.  (ECF Nos. 84, 92, 109.)  That is defendants' right.  And the undersigned
    recognizes the assigned District Judge's authority to disagree with the undersigned's rulings and
27  grant defendants' motions.  However, there currently is nothing before the undersigned that
    causes the undersigned any doubt as to the lack of merit of defendants' arguments.  Nor does the
28  undersigned see any reason to delay resolving plaintiff's motions to compel or the propriety of
    monetary sanctions against the defendants.

                                                                      10