UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT, | No. 2:22-cv-0350 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Pursuant to Local Rule 302(c)(1) this matter came before the undersigned on February 23, 2024, for hearing of plaintiff's motion to compel filed on January 19, 2024. (ECF No. 85.) Attorneys Hilary Soloff, Ryan Snyder, and Harrison Frahn appeared on behalf of plaintiff, who was also present. Attorney John Whitefleet appeared on behalf of defendants. After hearing oral argument, plaintiff's motion was taken under submission. On February 28, 2024, the undersigned issued an order granting plaintiff's January 19, 2024 motion to compel. (ECF No. 94.)

The February 23, 2024 hearing was the third time the undersigned had heard a motion to compel brought by plaintiff. On February 5, 2024, the undersigned issued an order granting a motion to compel filed by plaintiff on December 22, 2023. (ECF No. 74.) On February 12, 2024, the undersigned issued an order granting a motion to compel filed by plaintiff on January 12, 2024. (ECF No. 80.) In the undersigned's view, in both instances defendants' opposition to

1

1  plaintiff's motions were without merit. Accordingly, in the February 12, 2024 order the
2  undersigned cautioned that going forward, "a party that presents an unmeritorious discovery
3  motion should be prepared for an award of monetary sanctions." (Id. at 4.)
4      In light of this history, on February 26, 2024, the undersigned issued an order providing
5  the parties an opportunity to address the issue of an award of monetary sanctions against the
6  defendants in connection with plaintiff's January 19, 2024 motion. (ECF No. 91.) The order
7  directed plaintiff to file briefing within seven days. (Id. at 2.) The order clearly stated that
8  "Defendants may file an opposition, or statement of non-opposition, within seven days of the
9  filing of plaintiff's brief[.]" (Id.) Plaintiff was allowed seven days thereafter to file a reply. (Id.)
10     Plaintiff filed a brief on March 1, 2024. (ECF No. 100.) The time provided defendants
11 expired without defendants filing any response to the undersigned's February 26, 2024 order or
12 plaintiff's brief. Because, in the undersigned's opinion, defendants continued to raise
13 unwarranted opposition to plaintiff's discovery requests the undersigned ordered additional
14 briefing on the award of monetary sanctions in connection with motions to compel filed by
15 plaintiff on December 8, 2023, and March 1, 2024. (ECF No. 105.) On March 19, 2024, without
16 seeking leave or providing any explanation for the failure to comply with the February 26, 2024
17 order, defendants filed a "combined opposition to the two memorandum (ECF No. 100 and 110)
18 submitted by Plaintiff in support of sanctions[.]" (ECF No. 116 at 1.) Plaintiff filed a reply on
19 March 26, 2024. (ECF No. 132.)

**ANALYSIS**

**I.    Defendants' Untimely Opposition**

Defendants' untimely opposition provides no explanation for their failure to comply the undersigned's February 26, 2024 order or argument as to why the court should not consider their opposition waived and/or impose sanctions against defendants, or defense counsel, for their conduct. See Robinson v. Adams, No. 1:08cv1380 AWI BAM (PC), 2013 WL 5178666, at *2 (E.D. Cal. Sept. 13, 2013) ("Plaintiff's motion for leave to file a supplemental motion for sanctions based upon Defendants' failure to file timely opposition to Plaintiff's motion to compel is GRANTED."); Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or

2

with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Nonetheless, even if those arguments had been presented timely, defendants' opposition to an award of monetary sanctions is also without merit.

**II.     Monetary Sanctions**

The discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions." Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020). When the court grants a motion to compel it must "after giving an opportunity to be heard," award "reasonable expenses incurred in making the motion, including attorney's fees," unless the "opposing party's position was 'substantially justified' or that 'other circumstances make an award of expenses unjust.'" Id. (quoting Fed. R. Civ. P. 37(a)(5)(A)); see also Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D. N.Y. 2002) ("the losing party on a motion to compel must pay reasonable expenses, barring extenuating circumstances"). "The burden of establishing this substantial justification or special circumstances rests on the party being sanctioned." Infanzon, 335 F.R.D. at 311.

Moreover, "[u]nder its 'inherent powers,' a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Leon v. IDX Systems Corp., 464 F.3d 951, 961 (9th Cir. 2006) (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997)). "'Rule 37(b) provides for sanctions against parties who unjustifiably resist discovery." Quadrozzi v. City of New York, 127 F.R.D. 63, 73 (S.D. N.Y. 1989). "Monetary sanctions, in particular, may be awarded to compensate for added expense caused by the recusant party's conduct." Id. at 74. "In evaluating the propriety of sanctions, we look at all incidents of a party's misconduct." Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990).

A.     **Substantial Justification**

Defendants' argument in opposition is deficient in several respects. First, defendants' "combined opposition," does not discuss a motion to compel or order of the undersigned with specificity. (Def.'s Opp.'n (ECF No. 116) at 1.) Instead, defendants make vague and conclusory arguments without reference to specific discovery requests, arguments, or orders of the undersigned. For example, defendants assert that "the court in its order also did not provide any explanation or guidance as to how the requests should be reasonably interpreted[.]" (Id. at 3.) To what order or discovery request defendants are referring is not stated. It is not for the court to crosscheck defendants' arguments against the parties' briefing and the undersigned's orders in an attempt to determine to what defendants are referring.

Defendants also argue that "[t]he sheer length of discussion of the joint statements are indicative of the reasonable disagreements." (Def.'s Opp.'n (ECF No. 116) at 2.) This argument is absurd. Defendants proposes a standard that would reward parties for asserting numerous unmeritorious arguments, as defendants have done here.

Defendants next argue that "there is no authority that states that a written response to a request for production . . . that denied maintaining the documents as requested is somehow insufficient or incomplete" and that "[t]he court in its order did not cite to any specific authority stating as much." (Id.) Again, because defendants' opposition lacks any specificity it is unclear as to which order defendants are referring. Moreover, the undersigned finds this assertion is without merit for two reasons.

First, there is such legal authority. In this regard, "[i]n responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence[.]" Atcherley v. Clark, No. 1:12cv0225 LJO DLB (PC), 2014 WL 4660842, at *1 (E.D. Cal. Sept. 17, 2014) (citing Fed. R. Civ. P. 26). "If the search does not reveal responsive materials, the responding party should provide sufficient information for the requesting party, and the court, to be satisfied that the investigation was adequate." AECOM Energy & Construction, Inc. v. Ripley, Case No. CV 17-

4

5398 RSWL (SSx), 2018 WL 4705914, at *7 (C.D. Cal. Apr. 26, 2018); see also Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *3 (E.D. Cal. Mar, 9, 2010) ("If, after a diligent search and reasonable inquiry, McKesson cannot produce the receipts, he must provide to Plaintiff a declaration detailing the steps he went through to locate those receipts and explain the prison's document retention policy, if applicable.").

Second, the undersigned informed defendants of this very authority in an order issued on February 12, 2024.  (ECF No. 80 at 3.)

Defendants' vague, conclusory, and unmeritorious arguments in opposition to the award of monetary sanctions mirrors the arguments asserted in opposition to plaintiff's motion to compel.  Defendants' argument fails to approach a showing of substantial justification.  See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994) ("the burden of showing substantial justification and special circumstances is on the party being sanctioned").

Moreover, the February 28, 2024 order granting plaintiff's motion to compel noted that defendants' opposition relied on unsubstantiated claims that the discovery requests were "overly broad," sought "attorney-work product," and were not relevant.  (ECF No. 94 at 3-6.)  Failing to produce discovery and responding with "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy . . . . are a paradigm of discovery abuse."  Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D. N.Y. 2009).

**B.     Reasonable Attorneys' Fees**

"The district court has a great deal of discretion in determining the reasonableness of the fee[.]"  Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992).  "The calculation of the amount of a 'reasonable attorney's fee' is not a precise science."  Green v. Baca, 225 F.R.D. 612, 614 (C.D. Cal. 2005).  However, a "strong presumption exists that the lodestar figure represents a reasonable fee."  Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987) (cleaned up).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expected on the litigation by a reasonable hourly rate."  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The

////

lodestar is deemed to be presumptively reasonable, though the district court has the discretion to consider an upward or downward adjustment.  Camacho, 523 F.3d at 978.

In assessing applications for attorney's fees the reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant legal community.  Blum v. Stenson, 465 U.S. 886, 895 (1984); see also Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'") (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  It is also the general rule that the "relevant legal community" is the forum district and that the local hourly rates for similar work should normally be employed.  See Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013); Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010); Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994); Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

Here, plaintiff's briefing is supported by a declaration from attorney Hilary A. Soloff.  (ECF No. 101.)  The declaration details the efforts plaintiff's counsel was forced to expend to secure the discovery plaintiff was entitled to because of defendants' unjustified opposition.  (Id. at 2-9.)  The declaration also provides information about the skill, experience, and reputation of plaintiff's counsel.  (Id. at 7-8.)

Moreover, the declaration establishes that plaintiff's counsel expended 52.75 hours of attorney time in connection with the motion to compel at a cost of $68,478.62 using counsel's usual billing rates.[1]  (Id. at 9.)  However, plaintiff only seeks an award of $21,100 based on the 52.75 hours expended at a rate of $400 per hour.  (Pl.'s Mem. (ECF No. 100) at 15.)  Plaintiff argues that the total hours expended "are reasonable given the importance of the underlying discovery at issue, the breadth and persistence of Entity Defendants' objections in the face of clear evidence undermining their positions, and Entity Defendants' dilatory tactics which caused

---

[1] "[F]ee requests can be based on reconstructed records developed by reference to litigation files." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (quotation omitted); see also Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983) ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended.").

Plaintiff's counsel to work overtime to meet Court deadlines and secure the Order." (Pl.'s Mem. (ECF No. 100) at 15.) Based on the undersigned's experience in general, and with this case specifically, the undersigned agrees and finds the number of hours expended to be reasonable. Moreover, the undersigned also finds the requested rate is reasonable given the skill, experience, and reputation of plaintiff's counsel. See Moose Hills, LLC v. Enel Kansas, LCC, No. 2:22-cv-1488 MCE AC, 2023 WL 3437189, at *5 (E.D. Cal. May 12, 2023) (awarding rate of $400 per hour).

## CONCLUSION

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that defendants shall pay plaintiff sanctions in the amount to $21,100 within seven days of the date of this order.

Dated: March 29, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.sanctions.ord