UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT, | No. 2:22-cv-0350 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et la., | |
| Defendants. | |

On March 22, 2024, plaintiff filed a motion to find defendants in contempt, which is noticed for hearing before the undersigned on April 5, 2024. (ECF No. 123.) On March 29, 2024, defendants filed an opposition. (ECF No. 142.)

After reviewing the parties' briefing, the dispute at issue appears to raise at least three issues based on defense counsel's conduct: (1) the failure to timely comply with the court's February 12, 2024 order; (2) the production of over 4,000 pages of documents previously represented to the court to not exist; and (3) defense counsel's continued refusal to provide sufficient specificity when producing or not producing documents so as to allow the court and plaintiff to determine whether there was due diligence and a reasonable inquiry in searching for documents. As discussed below, the hearing date of April 5, 2024, is vacated and the parties are ordered to provide additional briefing.

////

1

**BACKGROUND**

On January 12, 2024, plaintiff filed a motion to compel production of documents. (ECF No. 63.) On January 26, 2024, the parties filed a Joint Statement re: Discovery Disagreement. (ECF No. 71.) On February 9, 2024, the parties came before the undersigned for hearing of plaintiff's motion to compel. (ECF No. 77.) On February 12, 2024, the undersigned issued an order granting plaintiff's motion to compel and ordering defendants to produce discovery within 14 days. (ECF No. 80.)

On February 26, 2024, defendants filed a partial motion for reconsideration of the February 12, 2024 order. (ECF No. 92.) Defendants concede they did not seek reconsideration "as to two requests Nos. 15 and 16 which sought personnel and disciplinary records for the named individual defendants," as well as for former district attorney Marjorie Durenberger.[1] (ECF No. 142 at 2.) According to plaintiff, the day after defendants filed the February 26, 2024 motion for partial reconsideration plaintiff's counsel contacted counsel for defendants to confirm this but "never received a response" from defense counsel. (ECF No. 124 at 6.)

Defendants, however, failed to produce responsive discovery for requests Nos. 15 and 16 in compliance with the February 12, 2024 order. (Id. at 7.) On March 15, 2024, plaintiff's counsel informed defense counsel that plaintiff would be filing a motion to compel compliance. (Id.) In response "Defendants' counsel produced an incomplete and deficient set of documents on March 15, supplemented on March 18" three weeks after the deadline provided in the February 12, 2024 order. (Id.)

**ISSUES**

**1.      The Failure to Timely Comply with the February 12, 2024 Order**

Defense counsel concedes that the "amended responses were late," thus failing to comply with the February 12, 2024 order. (ECF No. 142 at 2.) Defense counsel does not explain why they did not respond to plaintiff's February 27, 2024 query regarding the production. (ECF No. 124 at 6.)

---

[1] Durenberger was dismissed from this action on March 9, 2023, by the assigned District Judge. (ECF No. 36 at 11.)

2

**2.     The Production of Documents Previously Represented to the Court to Not Exist**

Defense counsel asserts the failure to timely comply with the court's February 12, 2024 order was in part because counsel "failed to appreciate the time it would take to process over 4000 documents for production[.]" (ECF No. 142 at 2.) Defense counsel notes that "it appears Plaintiff filed" this 4,000 page production on the court's docket, asserting "the purpose of which is unknown." (Id.) However, plaintiff's filing of those documents allows for a comparison between defense counsel's prior representations to the court, the amended responses and the document production.

In this regard, defense counsel has repeatedly represented to plaintiff and the court that discovery in this action could not be produced because it simply does not exist anymore.[2] In the Joint Statement opposing plaintiff's motion to compel defense counsel represented that "there are no responsive documents." (ECF No. 71 at 17.) In fact, more than 4,000 pages of responsive documents existed. Reviewing just a sampling of those documents finds that some date back to a time before the events at issue, undermining defense counsel's claim that these documents do not exist anymore.

**3.     Continued Refusal to Provide Sufficient Specificity When Producing Documents**

In the February 12, 2024 order granting plaintiff's motion to compel as to these requests, the undersigned explained to defense counsel that:

> Simply stating a document is not being produced because it 'was not maintained' does not provide sufficient information. You might possess a document even if you did not have a policy or procedure to maintain it. Or an entity may have had a policy to maintain such documents but failed to do so. Or an entity may not have conducted a sufficient search for a responsive document.
>
> Therefore, "[i]n responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence[.]" Atcherley v.

---

[2] As the parties are aware, this action concerns plaintiff's wrongful conviction for robbery and murder over 20 years ago. (ECF No. 36.)

3

1   Clark, No. 1:12cv0225 LJO DLB (PC), 2014 WL 4660842, at *1
2   (E.D. Cal. Sept. 17, 2014) (citing Fed. R. Civ. P. 26). "If the search does not reveal responsive materials, the responding party should
3   provide sufficient information for the requesting party, and the court, to be satisfied that the investigation was adequate." AECOM Energy
4   & Construction, Inc. v. Ripley, Case No. CV 17-5398 RSWL (SSx), 2018 WL 4705914, at *7 (C.D. Cal. Apr. 26, 2018); see also Uribe
5   v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *3 (E.D. Cal. Mar, 9, 2010) ("If, after a diligent search and reasonable
6   inquiry, McKesson cannot produce the receipts, he must provide to Plaintiff a declaration detailing the steps he went through to locate
7   those receipts and explain the prison's document retention policy, if applicable.").

8   (ECF No. 80 at 2.)

9   And yet, in contradiction to that order and despite the production of over 4,000 pages of

10  responsive documents previously represented to not exist, defense counsel stated again in the

11  amended responses that certain documents were not produced because they were "never kept,

12  collected," or possessed. (ECF No. 125-12 at 4-5.)  How defendants arrived at this conclusion is

13  not stated.

14  Plaintiff's motion seeks a finding of contempt along with merits-based sanctions. (ECF

15  No. 124 at 5.) Defense counsel argues that merits-based sanctions are harsh and that "even if the

16  standards for finding contempt are met, Magistrate Judges do not have authority to issue contempt

17  sanctions." (ECF No. 142 at 6 (quotation and alteration omitted)).  This is true.

18  **AUTHORITY**

19  However, Magistrate Judges have "'the authority under 28 U.S.C. § 636(b)(1)(A) to enter

20  non-dispositive discovery orders,' including reasonable expenses and attorney's fees." Grimes v.

21  City and Cnty. of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) (quoting Merritt v.

22  International Bro. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. 1981)). "Rule 37(b)

23  provides for sanctions against parties who unjustifiably resist discovery." Quadrozzi v. City of

24  New York, 127 F.R.D. 63, 73 (S.D. N.Y. 1989); see also Liew v. Breen, 640 F.2d 1046, 1051

25  (9th Cir. 1981) ("Rule 37(b)(2) provides for the award of reasonable expenses and attorney's fees

26  'caused by the failure' to obey a court order to provide or permit discovery.").  The undersigned

27  may also sanction counsel or a party who fail to comply with "any order of the Court[.]"  Local

28  Rule 110.

The district court has additional tools at its disposal when parties fail to comply with court orders. "A district court has the power to adjudge in civil contempt any person who [ ] disobeys a specific and definite order of the court." Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir. 1984). "Intent is not an issue in civil contempt proceedings. The sole question is whether a party complied with the district court's order." Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983) (internal citations omitted). "Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983).

"'The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002) (quoting F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)).

Only a District Judge may hold a party in contempt. On Command Video Corp. v. LodgeNet Entertainment Corp., 976 F. Supp. 917, 921 (N.D. Cal. 1997). "28 U.S.C. § 636, which governs the jurisdiction and powers of magistrates, requires a magistrate to refer contempt charges to a district court judge." Grimes, 951 F.2d at 240; see also 28 U.S.C. § 636 (e)(6) ("the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified"); U.S. v. Ritte, 558 F.2d 926, 927 (9th Cir. 1977) (per curiam) ("contemptuous acts committed in the presence of a magistrate or related to proceedings before a magistrate must be referred to a district judge for adjudication").

////

////

**CONCLUSION**

Given the importance of these issues, and to ensure that the parties have a full and fair opportunity to be heard additional briefing is hereby ordered. The parties' briefing shall fully address both the issue of civil contempt as well the appropriateness and specific amount, if any, of monetary sanctions. In addition to the issue of civil contempt, defense counsel is cautioned that the undersigned is considering imposing monetary sanctions, including but not limited to the costs incurred by plaintiff in bringing this motion, to be borne solely by defense counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 5, 2024 hearing of plaintiff's motion to find defendants in contempt (ECF No. 123) is continued to **May 17, 2024**;

2. On or before **April 26, 2024,** plaintiff shall file an opening brief;

3. On or before **May 3, 2024,** defense counsel shall file an opposition or statement of non-opposition; and

4. On or before **May 10, 2024**, plaintiff shall file a reply brief.

Dated: April 2, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.sanctions.cont.ord

6