UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy Phillip Puckett,<br><br>    Plaintiff,<br><br>    v.<br><br>County of Sacramento, et al.,<br><br>    Defendants. | No. 2:22-cv-00350-KJM-DB<br><br>ORDER |

The magistrate judge granted plaintiff's motion to compel Federal Rule 30(b)(6) depositions, Dep. Order, ECF No. 74, to compel productions of documents, Produc. Order, ECF No. 80, and responses to interrogatories, Interrog. Order, ECF No. 94. Defendants move for reconsideration of all three orders, First Mot., ECF No. 84; Second Mot., ECF No. 92; Third Mot., ECF No. 109, and plaintiff opposes, First Opp'n, ECF No. 89; Second Opp'n, ECF No. 102; Third Opp'n 117. Defendants' motions are **denied**.

I.    LEGAL STANDARD

A district judge may consider timely requests to "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). The magistrate judge's factual determinations are reviewed for "clear error" while legal determinations are reviewed under the "contrary to law" standard. *See Spence v. Johnson*, No. 21-00692, 2023 WL 8850071, at *1

1

(E.D. Cal. Dec. 21, 2023).  "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).  "A Magistrate Judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 10-00156, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citation omitted).

## II.     DISCUSSION

### A.     Motion to Compel Rule 30(b)(6) Depositions

The court considers first defendants' motion for reconsideration of the magistrate judge's order granting plaintiff's motion to compel Federal Rule 30(b)(6) depositions.  Defendants raise arguments the magistrate judge already considered and rejected.  Defendants argue the magistrate judge "failed to apply the law regarding discovery into discovery, misstated the record, and presumed without any evidence that production has been incomplete." First Mot. at 4.[1]  They also argue the magistrate judge failed to consider their objections, *id.* at 5–8, and her decision not to quash the notices for deposition was manifest error, *id.* at 8.  Defendants' motion is filled with citations to nonbinding case law that does not consistently support their positions. *See, e.g.*, *id.* at 4–6 (citing out of circuit cases, some of which the magistrate judge already considered and distinguished).  They do not engage with or address cases from within the Ninth Circuit identified both by the magistrate judge and plaintiff.

First, the magistrate judge correctly applied the relevant law regarding discovery and Rule 30(b)(6).  The magistrate judge considered and rejected defendants' arguments regarding "discovery on discovery," considered and distinguished the out of circuit caselaw defendants cite to, and correctly found Rule 30(b)(6) depositions are particularly relevant and warranted in cases like this, where a party's production of discovery has been incomplete. *See* Dep. Order at 4–6; *cf. e.g.*, *MetroPCS v. A2Z Connection, LLC*, No. 15-01412, 2020 WL 127550, at *2 (D. Nev.

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1  Jan. 10, 2020) (ordering defendants to produce Rule 30(b)(6) representative for deposition after
2  noting "case law in this District is clear that Plaintiff is entitled to know what categories of ESI
3  Defendants preserved and collected and how a reasonable search for responsive documents was
4  performed with sufficient specificity to demonstrate due diligence").  There is no clear error or
5  holding contrary to law here.

6    Second, the magistrate judge correctly characterized the record and had sufficient
7  evidence to conclude production of documents during discovery had been incomplete.
8  Defendants argue they have produced the underlying investigative file of one case, which
9  contained over 18,000 pages of documents.  First Mot. at 2.  This production responded to one of
10 plaintiff's thirty-one requests for production as to one of the entity defendants.  *See* Def.
11 Sacramento Cnty. Dist. Att'y's Office Am. Resps. to Pl.'s Request for Produc. of Docs., Set One
12 at 5, Snyder Decl. Ex. 9, ECF No. 72-9.  Defendants do not address the lack of production in
13 response to the remaining thirty requests for production, which they have rebuffed.  *See, e.g.*,
14 First Opp'n at 6–8, Joint Statement re Dep. at 4, ECF No. 68.  Having considered the record, the
15 court finds the magistrate judge's findings of fact were not clearly erroneous.

16   Third, the magistrate judge fully considered and rejected defendants' objections.  *See, e.g.*,
17 Dep. Order at 5–6 (addressing time frame, particularity, arguments on undue burden); *see*
18 *generally* Mot. Compel Dep. Hr'g Tr., ECF No. 76 (considering objections).  Defendants' motion
19 restates their arguments in opposition to plaintiff's motion to compel and do not demonstrate the
20 magistrate judge's legal conclusions are contrary to law.  First Mot. at 5–8.  The court finds no
21 clear error or holding contrary to law.  *See, e.g.*, *Cortinas v. Vasquez*, No. 19-00367,
22 2023 WL 6201743, at *1 (E.D. Cal. Sept. 22, 2023) (motion for reconsideration not proper
23 vehicle for restating argument and collecting cases).

24   Finally, the magistrate judge did not err in finding defendants did not show good cause to
25 warrant a protective order quashing plaintiff's deposition notices.  *See* Dep. Order at 6–7.
26 Defendants argue they would be harmed by the additional defense costs posed by the depositions.
27 *See* First Mot. at 9; Joint Statement re Dep. at 14.  As the magistrate judge notes, defendants'
28 unsubstantiated, broad allegations of harm do not amount to good cause.  *See Beckman Indus.,*

3

*Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" (citation omitted)).

The court finds the magistrate judge did not commit clear error or make decisions contrary to law. The motion is **denied.**

### B. Motion to Compel Production of Documents

The court turns to defendants' motion for reconsideration of the magistrate judge's order granting plaintiff's motion to compel production of documents. The court finds no error here. *See* Produc. Order at 2; Mot. Compel Produc. Hr'g Tr., ECF No. 82. As the magistrate judge notes, the objections are vague, conclusory, and use boilerplate language lacking in meaningful analysis. *See generally* Joint Statement re Produc., ECF No. 71. Defendants include lengthy citations to caselaw in some of their objections without explanation as to how the caselaw applies or is otherwise relevant to defendants' objections. *See, e.g.*, *id.* at 7–9, 17 (objections including caselaw about "reasonable particularity" without explaining why plaintiff's request is not reasonably particular). In other objections, they invoke boilerplate language without providing specific objections, *see, e.g.*, *id.* at 18–19 (using same boilerplate objection to argue requests are overly broad), and argue they do not maintain certain documents without providing sufficient information to allow the court to evaluate the merits of their response, *see, e.g.*, *id.* at 14 (using same boilerplate objection that requested documents are not maintained). As the magistrate judge found, such boilerplate objections are insufficient. *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1148–49 (9th Cir. 2005) (boilerplate objection insufficient to assert privilege); *Atcherley v. Clark*, No. 12-00225, 2014 WL 4660842, at *2 (E.D. Cal. Sept. 17, 2014) ("[B]oilerplate objections do not suffice . . . to shield against the disclosure of discoverable information."); *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (collecting cases).

The court finds the magistrate judge did not commit clear error or make decisions contrary to law in this respect. The motion is **denied**.

**C.     Motion to Compel Responses to Interrogatories**

The magistrate judge has accurately described defendants' arguments and objections to the disputed interrogatories as repetitive, confusing and nonspecific. *See* Interrog. Order at 2, 4; Hr'g Tr. at 2, ECF No. 118-1. Counsel offered no defense to these observations when the magistrate judge requested an explanation at hearing on plaintiff's motion. *See* Hr'g Tr. at 2–3. Defendants' motion for reconsideration repeats many of the same arguments. The court will not address each, as the magistrate judge's order includes a thorough and correct discussion of the relevant law. Only a few observations are necessary.

First, defendants are incorrect to limit plaintiff's allegations or the scope of discovery to the three cases cited repeatedly in their motion, i.e., a "1996 case involving Charlie Case, a 1995 case involving Ken Turner, and a 1998 case involving Richard Williams." Third Mot. at 5. Plaintiffs' complaint includes allegations of unconstitutional policies and training and many civil rights violations over many years, as this court wrote in its previous order. *See* Order (Mar. 9, 2023), at 13–14, ECF No. 36. Information about other similar civil rights violations and other similar cases is relevant. Interrogatories targeting that information are within the scope of discovery. *See* Fed. R. Civ. P. 26(a)(1).

Second, defendants cannot avoid discovery about the "Sacramento County Liability Claims" spreadsheet by arguing plaintiffs should instead pursue relief under the California Government Code and the state's public records laws. *See, e.g.*, Third Mot. at 7–8. Defendants cite authority to support this argument. As the magistrate judge correctly explained, civil discovery is the tool for obtaining relevant information like this. *See* Interrog. Order at 4–5.

Third, defendants argue the magistrate judge manifestly erred by rejecting their arguments about attorney-client privilege and attorney work product. *See* Third Mot. at 9. A party cannot rebuff a discovery request simply by invoking these doctrines, as defendants have done. "[A] proper assertion of privilege must be more specific than a generalized, boilerplate objection." *Burlington N.*, 408 F.3d at 1147. A litigant who asserts a privilege or invokes the protections of the work product doctrine in response to a discovery request has the burden of justifying its position—i.e., "of making a prima facie showing that the privilege protects the information that

5

the party intends to withhold." Interrog. Order at 5 (quoting *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D. Nev. 1994)).

Finally, the court notes its concern with defense counsel's responses to the magistrate judge's questions at the hearing on plaintiff's motion to compel. At hearing, plaintiff's counsel informed the magistrate judge that defense counsel had not responded to requests to meet and confer about discovery. *See* Hr'g Tr. at 5–7. Counsel explained he had not responded because he was in trial and is the only attorney working on this case. *See id.* at 8. As the magistrate judge pointed out, defense counsel is not a sole practitioner, but is part of a relatively large firm with several other attorneys. *See id.* This court also has emphasized the importance of effectively meeting and conferring in another civil rights action in which the defendant was represented by the same attorney. *See generally Mollica v. Cnty. of Sacramento*, No. 19-2017, 2022 WL 15053335 (E.D. Cal. Oct. 26, 2022). In addition, as the magistrate judge noted in her order, defendants have not explained their delays in verifying interrogatory responses, but instead forced plaintiff to raise the issue in a motion to compel. *See* Interrog. Order at 2, ECF No. 94. The court anticipates that if in the future defense counsel cannot meet the demands of this case by himself, other attorneys and staff will be available to assist him.

### III. CONCLUSION

Defendants' motions for reconsideration are **denied.** The court has carefully reviewed the magistrate judge's order, the parties' briefs and record in this case and finds no clear error and no holdings contrary to law. Defendants are directed to promptly comply with the magistrate judge's orders **within seven (7) days** of the filed date of this order. All other pending discovery motions remain under referral to the assigned magistrate judge. *See* Mins. & Rule 16 Bench Order, ECF No. 32.

This order resolves ECF Nos. 84, 92 and 109.

IT IS SO ORDERED.

DATED: April 4, 2024,

CHIEF UNITED STATES DISTRICT JUDGE