1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10        FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   JEREMY PHILLIP PUCKETT,              No.  2:22-cv-0350 KJM DB

13              Plaintiff,

14        v.                              ORDER

15   COUNTY OF SACRAMENTO, et al.,

16              Defendants.

17

18        On March 22, 2024, plaintiff filed a motion to compel and noticed the motion for hearing

19   before the undersigned on April 12, 2024, pursuant to Local Rule 302(c)(1).  (ECF No. 122.)  On

20   March 29, 2024, plaintiff filed a motion to compel and noticed that motion for hearing on April

21   19, 2023.  (ECF No. 139.)  That same day, the parties filed a Joint Statement re: Discovery

22   Disagreement in connection to the motion set for hearing on April 12, 2024.  (ECF No. 140.)

23        On April 5, 2024, the parties filed a Joint Statement in connection with the motion set for

24   hearing on April 19, 2024.  (ECF No. 152.)  At 3:42 p.m. on April 11, 2024—the day before the

25   April 12, 2024 hearing—defense counsel filed a document styled "Declaration . . . in Support of

26   Joint Statement Regarding 30(b)(6) Witnesses."  (ECF No. 159.)

27        Therein, defense counsel asserted that "[a]fter the submission of the joint statement (ECF

28   no. 152,) I have now provided to counsel for Plaintiff . . . a list of representatives for all

1

1  categories that are at issue in the joint statement[.]" (ECF No. 159 at 1-2.)  Defense counsel
2  requested that "the court consider the matter moot and/or continue the hearing to allow the
3  depositions to be . . . completed." (Id. at 2.)   The Joint Statement cited to by defense counsel,
4  ECF No. 152, is set for hearing on April 19, 2024, as stated on the face of the document.  (ECF
5  No. 152 at 1.)

6       On April 12, 2024, this matter came before the undersigned for hearing of plaintiff's
7  motion to compel filed on March 22, 2024.  (ECF No. 151.)  Attorneys Chelsea Wein and Ryan
8  Snyder appeared on behalf of plaintiff, who was also present.  Attorney John Whitefleet appeared
9  on behalf of defendants.  At the April 12, 2024 hearing defense counsel represented that the
10  declaration filed on April 11, 2024, which cited to the matter set for hearing on April 19, 2024,
11  was in fact intended to apply to both hearings.

12       While the undersigned is always pleased to see parties make progress on discovery
13  disputes—especially given the history of discovery in this action—it is unfortunate that plaintiff
14  and the court were forced to expend time and resources unnecessarily due to the timing and
15  inaccuracy of defense counsel's filing.  This could have been avoided with accuracy, the
16  inclusion of a small amount of additional specificity, and/or by allowing additional time for
17  review of the filing.

18       Moreover, at the April 12, 2024 hearing it was clear that the parties have not, at least as of
19  yet, resolved this issue.  The parties, therefore, will be ordered to engage in additional meet and
20  confer, file new joint statements, and the hearings will be continued.

21                                          **CONCLUSION**
22       Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:
23       1.  The April 12, 2024 hearing of plaintiff's motion to compel (ECF No. 122) is continued
24  to **May 24, 2024**;
25       2.  The April 19, 2024 hearing of plaintiff's motion to compel (ECF No. 139) is continued
26  to **May 31, 2024;**
27       3.  On or before **May 3, 2024,** the parties shall meet and confer, in person or via telephone
28  or video conferencing, with respect to each of plaintiff's motions;

2

4.  On or before **May 17, 2024**, the parties shall file a Joint Statement with respect plaintiff's motion to compel (ECF No. 122), or a notice of withdrawal of the motion; and

5.  On or before **May 24, 2024**, the parties shall file a Joint Statement with respect plaintiff's motion to compel (ECF No. 139), or a notice of withdrawal of the motion.[1]

Dated:  April 15, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.cont.hrgs.ord

---

[1] The issue of monetary sanctions, if any, with respect to either motion will be addressed after the motion is withdrawn or resolved.  See Balla v. Idaho, 677 F.3d 910, 920 (9th Cir. 2012) ("Rule 37(a)(5)(A) requires the court to award attorneys fees in most circumstances where the disclosure or requested discovery is provided after the motion was filed, even though in such a circumstance, there would be no order compelling the party to do what it has already done.").

3