1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT, | No. 2:22-cv-0350 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

On March 1, 2024, plaintiff filed a motion to compel.  (ECF No. 97.)  On March 22, 2024, the parties filed a Joint Statement re: Discovery Disagreement.  (ECF No. 126.)  Pursuant to Local Rule 302(c)(1) this matter came before the undersigned on April 5, 2024, for hearing of plaintiff's motion to compel.  (ECF No. 151.)  Attorney Ryan Snyder appeared on behalf of plaintiff, who was also present.  Attorney John Whitefleet appeared on behalf of defendants.  After hearing oral argument, plaintiff's motion was taken under submission.

**I.    Background**

"A complaint guides the parties' discovery[.]"  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000).  As explained by the assigned District Judge, the complaint alleges that plaintiff was incarcerated based on convictions for robbery and murder for roughly 20 years, despite being factually innocent, as a result of defendants' withholding or ignoring exonerating

1   evidence. (ECF No. 36 at 2.) The complaint also describes two similar instances in which

2   "Sheriff's deputies committed similar constitutional violations in the form of evidence

3   suppression" and identifies "79 civil rights violations over seven years[.]" (Id. at 13-14.)

4         The complaint alleges that the "Sheriff's Office has not disciplined officers who deprive

5   persons of their constitutional rights." (Id. at 14.) The assigned District Judge has found that

6   these allegations support claims for Monell liability against the County of Sacramento, and the

7   Sacramento County Sheriff's Office based on a pattern of incidents in which Sheriff's deputies

8   committed similar constitutional violations and the failure to discipline officers who deprived

9   persons of their constitutional rights. (Id. at 13-16.) The complaint's allegations also support a

10  claim for Monell liability against the Sacramento County District Attorney's Office based on an

11  alleged failure to discipline prosecutors who committed Brady violations.[1] (Id. at 16-17.)

12  **II.   Legal Authority**

13  
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

18  Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion to determine relevancy for

19  discovery purposes." Scherer v. FCA US, LLC, 538 F.Supp.3d 1002, 1004 (S.D. Cal. 2021).

20  And "[r]elevancy, for the purposes of discovery, is defined broadly, although it is not without

21  ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 679-80 (N.D.

22  Cal. 2006). "If relevance is in doubt, courts should err on the side of permissive discovery."

23  Wiginton v. CB Richard Ellis, Inc., 229 F.R.D. 568, 577 (N.D. Ill. 2004).

24        In evaluating proportionality, the court looks to "the importance of the issues at stake in

25  the action, the amount in controversy, the parties' relative access to relevant information, the

26  parties' resources, the importance of the discovery in resolving the issues, and whether the burden

---

[1] "Brady requires the disclosure of impeachment evidence as well as exculpatory evidence." Parker v. Cnty. of Riverside, 78 F.4th 1109, 1112 (9th Cir. 2023) (quotation omitted).

2

or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

"[O]bjections should be plain enough and specific enough so that the court can understand in what way the [requests] are alleged to be objectionable." Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). "[O]bjections not raised in a written response to discovery may not be raised for the first time in a discovery motion." O. L. v. City of El Monte, Case No. 2:20-cv-0797 RGK (JDEx), 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021). "Similarly, objections asserted in discovery responses but not raised in briefing on a discovery motion are also waived." (Id.)

"District courts addressing discovery-related disputes in cases involving Monell claims have routinely recognized that such claims often require a broad and substantial amount of discovery that would not be involved if the plaintiff sued only the individuals directly involved in the deprivation of his rights." Awalt v. Marketti, No. 11 C 6142, 2012 WL 6568242, at *3 (N.D. Ill. Dec. 17, 2012). The very nature of a Monell claim often necessarily implicates burdensome, but not unduly burdensome, discovery. See Id. at *7 ("the fact that Monell claims implicate a potentially large number of events taking place in an organization over a period of time, they naturally, and necessarily require extensive and often burdensome discovery").

"It is the longstanding practice in federal court that boilerplate objections and unsupported privilege assertions, including assertions of the attorney-client privilege, the work product doctrine, etc., are improper." Bragel International, Inc. v. Kohl's Department Stores, Case No. CV 17-7414 RGK (SSx), 2018 WL 7890682, at *5 (C.D. Cal. Nov. 14, 2018). "Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Fracasse v. People's United Bank, Civ. No. 3:12CV670 (JCH)2013 WL 6017332, at *2 (D. Conn. Nov. 13, 2013) (quotation and alteration omitted). And "one does nothing to

3

preserve [] privilege by simply setting forth a generalized, i.e., boilerplate, objection. If the privilege is worth preserving, it is worth being identified in a privilege log-and the Federal Rules require such." Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of U.S. of America v. Leonard, No. CIV S-07-2665 LKK GGH, 2009 WL 1118896, at *4 (E.D. Cal. Apr. 23, 2009).

### III.   Plaintiff's Motion to Compel

The April 5, 2024 hearing is the latest continuation of defendants'—in the opinion of the undersigned—unprecedented abuse and obstruction of discovery in this action. "The discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). Because of this, it is unusual for a case to come before the court for the hearing of more than one or two discovery disputes.

In this action, on five prior occasions the undersigned heard a motion to compel brought by plaintiff. (ECF Nos. 73, 77, 85, 112, 120.[2]) Defendants' arguments in opposition have been a barrage of vague, conclusory, unsupported, unintelligible, and/or unmeritorious objections, including the assertion of objections and argument that had previously been waived and/or previously rejected. The undersigned has spent considerable time at hearings and drafting written orders explaining the specific deficiencies of defense counsel's arguments in hopes that defendants would seek a new course. See ECF Nos. 74, 80, 94, 119, 137.

Defendants have sought reconsideration of the undersigned's orders, as is their right. However, on April 4, 2024, the assigned District Judge issued an order denying the first three motions for reconsideration filed by defendants. (ECF No. 150.) While the order was issued after the parties briefed this motion, the undersigned hoped that defense counsel might seek to withdraw opposition to the pending motion in light of the District Judge's guidance. That defense counsel might request a continuation of the April 5, 2024 hearing to consider the April 4, 2024 order of the assigned District Judge to determine if some or all of objections should be

---

[2] As of the writing of this order plaintiff has three additional motions to compel yet to be heard as well as a motion to find defendants in contempt. (ECF Nos. 122, 123, 131, 139.)

4

withdrawn. Or that defense counsel might file a request to withdraw some, or all, of the objections asserted prior to the undersigned issuing this order. That did not happen.

Unfortunately, it appears defendants have elected to continue their pattern of obstruction and abuse with the continued assertion of a panoply of unpreserved, unsupported, unmeritorious, and/or unintelligible arguments. In granting plaintiff's motion, the undersigned relies on and incorporates the prior hearings and prior orders of this court which defense counsel seems determined to ignore. (ECF Nos. ECF Nos. 73, 74, 77, 80, 85, 94, 112, 119, 120, 137, 150, 151.)

To this tome, the undersigned will add the following. Plaintiff's motion seeks to compel defendants' response to plaintiff's Rule 30(b)(6) deposition topics. (JS (ECF No. 126) at 1.) "[T]he 'general purpose' of a Rule 30(b)(6) deposition is to 'permit[ ] the examining party to discover the [entity's] position via a witness designated by the [entity] to testify on its behalf.'" Estate of Thompson v. Kawasaki Heavy Industries, Ltd., 291 F.R.D. 297, 303 (N.D. Iowa 2013) (quoting Rosenruist–Gestao E Servicos LDA v. Virgin Enters. Ltd., 511 F.3d 437, 440 n. 2 (4th Cir. 2007)). "[P]arties are entitled to test assertions in questioning witnesses during depositions, and it is fundamental that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules." Campbell v. Facebook Inc., 310 F.R.D. 439, 449 (N.D. Cal. 2015) (quotation omitted); see also Kress v. Pricewaterhouse Coopers, LLP, No. 2:08-cv-0965 LKK AC, 2013 WL 2421704, at *5 (E.D. Cal. June 3, 2013) ("there are strong reasons why a party strategically selects to proceed by oral deposition rather than alternate means, including the spontaneity of witness responses").

When noticing a Rule 30(b)(6) deposition, a party must "describe with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). In response, "the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." Sigmund v. Starwood Urban Retail IV, LLC, 236 F.R.D. 43, 44 (D. D.C. 2006) (quoting Fed. R. Civ. P. 30(b)(6)). One of the aims of Rule 30(b)(6) is to prevent entities from using "their size and complexity to advantage by 'bandying' their opponents with deposition witnesses who all disclaimed knowledge on the topics

5

the adversary wanted to investigate." 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) "Although adequately preparing a Rule 30(b)(6) deposition can be burdensome, this is merely the result of the concomitant obligation from the privilege of being able to use the [organizational] form in order to conduct business." Great American Ins. Co. of New York v. Vegas Const. Co., Inc., 251 F.R.D. 534, 540 (D. Nev. 2008) (quotation omitted).

### A.     Sherif's Office Topic 9

This topic concerns personnel records for named defendants, specifically records of disciplinary actions or investigations. (JS (ECF No. 126) at 7.) Defendants' written objection asserted that this "category appears to be seeking production of documents," which is absurd. (Id.) Plaintiff's request seeks testimony, which plaintiff confirms. (Id.) Defendants' written objection also asserted this topic was compound because there are "seven" named defendants, which is also absurd.[3] (Id.) Personnel records, including disciplinary actions or investigation, are maintained, or not maintained, as a result of policies and procedures that should be uniform to all employees. Defendants then asserted that these "defects preclude defendant from producing a representative." (Id.) Defendants final sentence reads "This request Defendant has insufficient information to identify a representative." (Id.) Obviously, one or more words is missing from that sentence.

However, in the Joint Statement defense counsel asserts that this topic has "no relevance to any claim or defense" as defendants have produced personnel records establishing there were no disciplinary actions. (Id. at 9.) The undersigned has repeatedly advised defense counsel that objections not raised in written response to a discovery order may not be raised in the briefing the discovery motion. (ECF No. 137 at 8.)

Moreover, as noted by the assigned District Judge, this action concerns "allegations of unconstitutional policies and training and many civil rights violations over many years." (ECF No. 150 at 5.) In this context, evidence concerning the lack of personnel records evidencing disciplinary actions is as relevant as records establishing disciplinary actions.

---

[3] The topic lists six individuals, defendants Minter, Gregersen, Bayles, Bell, Maulsby, and Stan Reed. (JS (ECF No. 126) at 7.)

6

1       Defendants also state "It is not clear and Plaintiff fails to articulate what about the records

2  is being sought." (JS (ECF No. 126) at 9.)  This single sentence is vague, conclusory, and not

3  supported by argument or authority.  Defense counsel's argument in opposition, both with respect

4  to this motion and prior motions, frequently engages in this practice.  It is not proper to

5  haphazardly assert objections and argument.  As noted above, defense counsel has the burden of

6  clarifying, explaining, and supporting objections.  Laub, 331 F.R.D. at 521.

7       To the extent defendants are attempting to argue that the deposition topic is not reasonably

8  particular, that argument is without merit.  The topic identifies that it will cover the "personnel

9  records," including disciplinary actions or investigations, of six named defendants.  (JS (ECF No.

10 126) at 7.)  The topic is both specific and limited.  This is even more true given defense counsel's

11 representation that "there are no disciplinary action or investigations" with respect to the named

12 defendants.  (Id. at 9.)

13      Moreover, courts have approved similarly worded, if not more broadly worded, deposition

14 topics.  See generally Pipeline Productions, Inc. v. Madison Companies, LLC, CIVIL ACTION

15 No. 15-4890 KHV, 2019 WL 1940282, at *5 (D. Kan. May 1, 2019) (permitting 30(b)(6)

16 deposition "about entities which defendants control"); Buie v. District of Columbia, 327 F.R.D. 1,

17 8-10 (D. D.C. 2018) (permitting 30(b)(6) deposition about "scope of any training and supervision

18 that might have deterred sexual misconduct" by defendant officer and advising that terms should

19 be defined by "ordinary meaning"); Brown v. City of Atlanta, 284 F.Supp.3d 1326, 1341 (N.D.

20 Ga. 2018), vacated in part, appeal dismissed in part by Brown v. City of Atlanta, Georgia, 778

21 Fed. Appx. 728 (11th Cir. 2019) (allowing 30(b)(6) deposition as to "policies and procedures of

22 the City pursuant to which the entry and search of plaintiff's property was carried out, and

23 pursuant to which Plaintiff was arrested"); Sprint Communications Co., L.P. v. Theglobe.com,

24 Inc., 236 F.R.D. 524, 528 (D. Kan. 2006) (deposition topic of "the preparation and filing" of

25 named patents and amendments reasonably particular); Alexander v. F.B.I., 186 F.R.D. 137, 140

26 (D. D.C. 1998) (deposition topic on the computer systems known as "Big Brother" and/or White

27 House Office Database satisfied reasonable particularity).

28 ////

**B.     DA's Topic 9 & Topic 10**

These topics seeks testimony as to "personnel records for Majorie Durenberger," and "actual or potential discipline" of Marjorie Durenberger.[4]  (JS (ECF No. 126) at 9.)  Defendants, again, ask the court to provide the specificity and argument in support of its' opposition by simply seeking to "incorporate the law and discussions as to Sheriff's Topic 9 above as if incorporated herein."  (Id.)  This is not proper, helpful, or sufficient, especially given the vague and conclusory nature of the defendants "law and discussion as to Sherriff's Topic 9."

Defendants' additional argument is that Durenberger "is not a party anymore" and that the complaint does not "base the Monell claim on Ms. Durenberger['s] past conduct."  (Id.)  What precise objection defendants are attempting to assert with this argument—relevance, burden, etc.—is unclear.  However, that Durenberger is not a party anymore is apropos of nothing.  As explained by the assigned District Judge, plaintiff is proceeding on claims that the Sacramento District Attorney's Office failed to discipline prosecutors who committed Brady violations.  (ECF No. 36 at 16.)  Deposition testimony by the entity defendant regarding disciplinary records and actions involving the deputy district attorney who prosecuted plaintiff is relevant.

**C.     County Topic 9 & Topic 10**

These topics concern personnel records and discipline as to six named defendants, as well as former defendant Durenberger.  (JS (ECF No. 126) at 10.)  Defendants' entire argument reads: "Defendants incorporate the law and discussion as to Sheriff's Topic 9 above as if incorporated herein."  (Id.)  As explained above, this argument is both insufficient and without merit.  See Laub, 331 F.R.D. at 521.  The deposition topics are relevant, proportional, and reasonably particular.  See generally Pipeline Productions, Inc., 2019 WL 1940282, at *5; Buie, 327 F.R.D. at 8-10; Brown, 284 F.Supp.3d at 1341; Sprint Communications Co., L.P., 236 F.R.D. at 528; Alexander, 186 F.R.D. at 140.

////

////

---

[4] Marjorie Durenberger was the deputy district attorney who prosecuted plaintiff.  (ECF No. 36 at 10-11.)

8

### D.     County Topic 11

This topic concerns the inclusion or potential inclusion of named defendants on a "Brady List." (JS (ECF No. 126) at 11.) Yet again, "Defendants incorporate the law and discussion as to Sheriff's Topic 9 above as if incorporated herein." (Id.) Again, that is insufficient and without merit for the reasons stated above.

Defendants add the argument that "there are no allegations that these defendants testified in the underlying criminal case," and that the "application of a 'Brady list' is not the same type of 'Brady violation' that is alleged in the case." (Id.) Again, what specific objection defendants are attempting to assert is not stated. Moreover, this action concerns allegations that the defendants failed to discipline those who committed Brady violations. (ECF No. 36 at 14-17.) This deposition topic is relevant, proportional, and reasonably particular. See generally Pipeline Productions, Inc., 2019 WL 1940282, at *5; Buie, 327 F.R.D. at 8-10; Brown, 284 F.Supp.3d at 1341; Sprint Communications Co., L.P., 236 F.R.D. at 528; Alexander, 186 F.R.D. at 140.

### E.     County Topic 13

This topic concerns Brady violations by entity defendant's employees between January 1, 1990 and December 31, 2005. (JS (ECF No. 126) at 12.) Again, defendants "incorporate the law and discussion as to Sheriff's Topic 9 above" and again this is insufficient and without merit. (Id.)

To this defendants add the argument that there "are no allegations that the County . . . have (sic) any role in law enforcement, investigating or prosecuting crimes." (Id. at 13-14.) Again, defense counsel's statement is apropos of nothing and without any explicit reference to an identified objection. Defense counsel then asks a series of questions vaguely asserting that this topic is "redundant" or is "looking for statistics," before asserting that it is not "reasonably defined, nor proportional to the needs of the case[.]" (Id. at 14.)

A party objecting to discovery on the grounds of proportionality

> still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties'

9

>relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Carr v. State Farm Mutual Automobile Insurance Company, 312 F.R.D. 459, 468 (N.D. Tex. 2015); see also First American Bankcard, Inc. v. Smart Business Technology, Inc., CIVIL ACTION NO. 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) ("defendant has offered nothing sufficient to support or establish its objections on grounds of disproportionality"); In re Bard IVC Filters Products Liability Litigation, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("The Advisory Committee Note makes clear, however, that the amendment does not place the burden of proving proportionality on the party seeking discovery."). Here, defendants do not even attempt a showing.

Moreover, a central issue in this action is plaintiff's allegations that the defendants failed to discipline employees involved in Brady violations. Considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, the undersigned finds plaintiff's discovery to be both relevant and proportional to the needs of this case. The undersigned also finds this deposition topic to be reasonably particular. See generally Pipeline Productions, Inc., 2019 WL 1940282, at *5; Buie, 327 F.R.D. at 8-10; Brown, 284 F.Supp.3d at 1341; Sprint Communications Co., L.P., 236 F.R.D. at 528; Alexander, 186 F.R.D. at 140.

### F. Sherriff's Office Topic 8

This topic concerns plaintiff's habeas petitions. (JS (ECF No. 126) at 18.) Again defendants "incorporation the law and discussion as to Sherriff's Topic 9 above as if incorporated herein." (Id.) As stated many times above, this is insufficient and without merit. See Laub, 331 F.R.D. at 521. Defendants also argue that this topic is not reasonably particular. (Id.) Again, the undersigned finds this deposition topic to be reasonably particular. See generally Pipeline Productions, Inc., 2019 WL 1940282, at *5; Buie, 327 F.R.D. at 8-10; Brown, 284 F.Supp.3d at 1341; Sprint Communications Co., L.P., 236 F.R.D. at 528; Alexander, 186 F.R.D. at 140.

1  Defendants conclude with the vague assertion that "Such is not reasonably proportional," while
2  failing to discuss the proportionality calculation.  (JS (ECF No. 126) at 19.)

       **G.**      **DA's Office Topic 4**

This topic seeks to depose the District Attorney's Office on the Dvorsky Investigation.[5] (Id.)  Defendants repeat their reliance on defendants' insufficient and unmeritorious discussion of Sheriff's Topic 9.  (Id.)  As well as the assertion that the topic is "vague."  (Id.)  "Defendants seek guidance from the court" with respect to this and other deposition topics.  (Id.)  Because defense counsel makes no attempt to elaborate as to what is unclear about this request, it is difficult for the undersigned to offer guidance.  The Dvorsky investigation should be something defendants can readily identify as to time, those involved, their actions, the results, etc.  The investigation into someone's death is not something that is vague, boundless, lacking in definition, etc.

The undersigned would encourage defense counsel to apply common sense and the usual meaning to this, and all, discovery requests.  See Avantax Wealth Management, Inc. v. Marriott Hotel Services, Inc., Case No. 3:21-cv-0810, 2022 WL 18638754, at *5 (M.D. Tenn. Sept. 28, 2022) ("The Court finds no ambiguity in either the term 'event' or 'any event to the Annual Conference.'  Rather, the Court finds a remarkable inability or unwillingness on Marriott's part to use common sense in responding to discovery, including to give words their ordinary and plain meaning, as well as a lack of regard for the requirements of the discovery rules regarding proper objections to discovery requests.").

The undersigned finds this deposition topic to be relevant, proportional, and reasonably particular.  See generally Pipeline Productions, Inc., 2019 WL 1940282, at *5; Buie, 327 F.R.D. at 8-10; Brown, 284 F.Supp.3d at 1341; Sprint Communications Co., L.P., 236 F.R.D. at 528; Alexander, 186 F.R.D. at 140.

////
////
////

---

[5] Angela Dvorsky died around the time of the events at issue and the complaint alleges that the "investigation into Dvorsky's death led Detective to hundreds of pages of evidence exonerating plaintiff[.]" (ECF No. 36 at 3.)

11

#### H.     DA's Office Topic 5

This topic seeks to depose the District Attorney's Office on the Galati Investigation.[6]  (JS (ECF No. 126) at 19.)  Defendants repeat their argument as to Topic 4 above.  The undersigned directs defendants to the discussion of that topic as to why their arguments fail.

#### I.     DA's Office Topic 6

This topic concerns the prosecution of plaintiff for robbery and murder.  (Id. at 19.)  Defendants repeat their reliance on defendants' arguments with respect to Sheriff's Topic 9.  (Id.)  In addition to being insufficient and without merit, it strains credibility to argue that the topic of plaintiff's prosecution for crimes that he was innocent of—an issue at the heart of this entire action—is somehow not relevant, not proportional, burdensome, vague, etc.

Defendants also offer—again apropos of nothing—that this topic is "curious" because "Plaintiff knows Marjorie Durenberger was the prosecuting DDA on the case," so the "obvious source of information would be from Marjorie Durenberger."  (Id. at 19-20.)  The undersigned finds nothing curious about plaintiff's attempt to lawfully obtain evidence to support his claims.  Neither does the law.  See Naini v. King Cnty. Public Hospital District No. 2, CASE NO. C19-0886 JCC, 2019 WL 6877927, at *3 (W.D. Wash. Dec. 17, 2019) ("Even if an individual could testify about the topics in a Rule 30(b)(6) notice, a 30(b)(6) deposition is not necessarily cumulative."); DSM Desotech Inc. v. 3D Systems Corp., No. 08 C 1531, 2011 WL 117048, at *10 (N.D. Ill. Jan. 12, 2011) ("The fact that other persons with discoverable information were deposed or will be deposed does not relieve Desotech of its obligations under Rule 30(b)(6).  Desotech's argument fails to take into account the purpose of Rule 30(b)(6).  A deposition of an individual is not the equivalent of a deposition of an organization under Rule 30(b)(6).").

#### J.     DA's Office Topic 7

This topic concerns plaintiff's conviction for the robbery and murder of Anthony Galati.  (JS (ECF No. 126) at 20.)  Defendants' argument is repetitive of Topic 6 above and is rejected for the same reasons.

////

---

[6] Plaintiff was wrongfully convicted of the murder of Anthony Galati.  (ECF No. 36 at 2.)

  **K.**  **DA's Office Topic 8**

  This topic concerns plaintiff's habeas petitions. (Id.) Defendants repeat the reliance on Sheriff's Topic No. 9 and repeat the arguments in opposition to County Topic 8. (Id.) The undersigned has already explained above why those arguments are without merit.

  **L.**  **DA's Office Topic 24**

  This topic concerns communications between the District Attorney's Office and plaintiff's legal counsel prior to plaintiff's sentencing on March 14, 2022. (Id.) Defendants' argument in opposition is, yet again, simply a vague and conclusory repetition of reliance on arguments previously asserted and rejected above. (Id. at 21.)

  **M.**  **County Topics 4-8**

  These topics concerns the Dvorsky Investigation, the Galati investigation, plaintiff's prosecution, plaintiff's conviction, and plaintiff's habeas petitions. (Id. at 21-22.) Again, defendants rely on the unmeritorious arguments addressed above. (Id. at 23.)

**IV.** **Defendants' Request for a Protective Order**

  At the end of the parties' Joint Statement, defendants insert a vague and conclusory request for a protective order. (Id. at 23-24.) "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Rule 26(c), setting forth grounds for protective orders, was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." U.S. v. Columbia Broadcasting System, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The party seeking to limit discovery through a protective order must show "good cause" for the protective order. Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990).

  "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); see also In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) ("The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that

13

specific prejudice or harm will result' if the protective order is not granted."). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Here, defendants argue simply that they "would be harmed in requiring to expend additional defense costs on matters only tangentially and vaguely related to the issues in this case, or are so vague that if forced to produce on such little information would end up wasting all parties' time[.]" (Joint Statement (ECF No. 126) at 24.) Defendants' argument is a broad allegation of harm, unsubstantiated by a specific example or articulated reasoning. See generally NuCal Foods, Inc. v. Quality Egg LLC, No. CIV S-10-3105 KJM CKD, 2012 WL 6629573, at *2 (E.D. Cal. Dec. 19, 2012) ("The party requesting a protective order must demonstrate specific facts that support the request, rendering conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one insufficient.").

This ruling should come as no surprise to defendants. Defense counsel asserted this same argument, largely verbatim, in a Joint Statement filed on January 19, 2024. (ECF No. 68 at 13-14.) The undersigned explained why this argument was without merit in an order issued on February 5, 2024. (ECF No. 74.) Defense counsel's decision to ignore that order and repeat this same argument is puzzling. In doing so, he caused unnecessary expenditure of time and resources by plaintiff and the court. Again, defendants' obstruction and abuse of discover is unprecedented in cases coming before the undersigned.

**V.      Sanctions**

The parties are well aware that sanctions are contemplated with respect to this motion given that the undersigned has already ordered general briefing on the topic. (ECF No. 105.) Now that plaintiff's motion will be granted, the undersigned will order specific briefing to allow for a full accounting of plaintiff's costs and an appropriate calculation of sanctions.

////

////

////

14

**CONCLUSION**

Accordingly, for the reasons stated above, in the undersigned's prior orders, at prior hearings, and at the April 5, 2024 hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's March 1, 2024 motion to compel (ECF No. 97) is granted;

2. Defendants shall produce responsive discovery within seven days of the date of this order;

3. Within seven days of the date of this order plaintiff shall file a brief addressing the award of monetary sanctions;

4. Within seven days of the date of the filing of plaintiff's brief, defendants shall file an opposition or statement of non-opposition to the award of monetary sanctions; and

5. Within seven days thereafter plaintiff may file a reply.

Dated: April 16, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.oah.0405

15