UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy Phillip Puckett,<br><br>    Plaintiff,<br><br>    v.<br><br>County of Sacramento, et al.,<br><br>    Defendants. | No. 2:22-cv-00350-KJM-DB<br><br>ORDER |

The magistrate judge granted plaintiff's motion to compel Federal Rule of Civil Procedure 30(b)(6) depositions and ordered defense counsel to pay sanctions for violating the Local Rules and the magistrate judge's Standard Information requirements. Dep. Order, ECF No. 119. The magistrate judge also granted plaintiff's motion to compel production of documents, Prod. Order, ECF No. 137, and ordered defense counsel to pay additional sanctions, Sanctions Order, ECF No. 138. Defendants move for reconsideration of all three orders, First Mot., ECF No. 136; Second Mot., ECF No. 148; Third Mot., ECF No. 147, and plaintiff opposes, First Opp'n, ECF No. 146; Second Opp'n, ECF No. 156; Third Opp'n, ECF No. 157. The court **denies** defendants' motions.

**I.    LEGAL STANDARD**

A district judge may consider timely requests to "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). The magistrate judge's factual

1

determinations are reviewed for "clear error" while legal determinations are reviewed under the "contrary to law" standard. *See Spence v. Johnson*, No. 21-00692, 2023 WL 8850071, at *1 (E.D. Cal. Dec. 21, 2023). "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "A Magistrate Judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 10-00156, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citation omitted).

## II.    ANALYSIS

### A.    Motion to Compel Rule 30(b)(6) Depositions

Defendants challenge the magistrate judge's order requiring the "production of representative depositions under Rule 30(b)(6) to [the] County, Sheriff and District Attorney on categories of topics that are so broad and vague that they fail to meet the standards under Rule 26 relevancy, reasonable particularity or sufficiently proportional to the needs of the case." First Mot. at 2. They also argue it was manifest error for the magistrate judge "to award sanctions for purported failure to meet and confer, without due process, and when [the] same issues were previously submitted on a prior motion, but denied without prejudice, such that any renewed motion did not require separate meet and confer, having been exhausted the first time." *Id.*

First, the court considers defendant's motion to reconsider the magistrate judge's order granting plaintiff's motion to compel Rule 30(b)(6) depositions. Defendants raise arguments and objections the magistrate judge already considered and rejected. *See, e.g.*, Dep. Order at 7 (addressing defendants' relevancy argument, which was not asserted in defendants' written response and concluding it was thus waived); *Cortinas v. Vasquez*, No. 19-00367, 2023 WL 6201743, at *1 (E.D. Cal. Sept. 22, 2023) (motion for reconsideration not proper vehicle for restating arguments and collecting cases). The magistrate judge generally described defendants' opposition to the order as a "continu[ation] [of] their practice of asserting numerous arguments that are vague, conclusory, unsupported, unintelligible, and/or unmeritorious." Dep. Order at 4

(citation omitted). The magistrate judge considered and rejected defendants' arguments regarding potential concerns of relevance, broadness, burdensomeness, proportionality and waiver. *See generally id.* For example, the magistrate judge concluded that despite defendants' overarching argument that the discovery requests are burdensome, defendants provided "[n]o such detail" as to the relevant burden they must meet in asserting such an opposition." *Id.* The court finds the magistrate judge correctly applied the relevant law regarding discovery and Rule 30(b)(6). Defendants' motion restates their arguments in opposition to plaintiff's motion to compel and does not demonstrate the magistrate judge's legal conclusions are contrary to law. The court finds no clear error or holding contrary to law.

Second, defendants' argument that meet and confer efforts "were futile," *see* First Mot. at 3, 12–13, is irrelevant because meet and confer efforts are required for each motion under this court's local rules and the magistrate judge's Standard Information, regardless of whether they are renewed motions. *See* Local Rule 251(b) ("Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion."); Standard Information for Judge Barnes. Defendants did not seek to be relieved of these obligations. Thus, the court finds the magistrate judge did not commit clear error or make any decisions contrary to law in awarding sanctions because meet and confer requirements were not satisfied.

### B. Motion to Compel Production of Documents

Defendants' also move for reconsideration of the magistrate judge's order granting plaintiff's motion to compel the production of documents. *See generally* Second Mot. Defendants argue the magistrate judge "committed manifest error in [her] finding of relevancy, reasonable particularity and failed to sufficiently consider proportionality." *Id.* at 3. The court finds no such error. For example, the magistrate judge correctly noted defendants "vague and conclusory assertions" about proportionality were not sufficient and the contested information was relevant. Prod. Order at 5–6; *see also Material Handling Sys. v. Rack Men Equip. Co.*, No. 23-01089, 2024 WL 1557464, at *1 (E.D. Cal. Apr. 10, 2024) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). ("[T]he party resisting discovery has the burden of

1   showing why discovery was denied; they must clarify and support their objections."); *Smith v.*
2   *City of Bakersfield*, No. 22-00494, 2024 WL 71687, at *2 (E.D. Cal. Jan. 5, 2024) (noting
3   "relevance is broadly defined" for purposes of discovery).

4       The magistrate judge also accurately considered and rejected defendants' recycled
5   arguments, some of which appeared to have been largely copied and pasted from prior
6   oppositions. *See* Prod. Order at 7, 8. Finally, the magistrate judge found defendants waived
7   relevancy objections not originally included in their original written responses and found
8   defendants' boilerplate objections were insufficient. *See id.* at 8–9; *Atcherley v. Clark*, No. 12-
9   00225, 2014 WL 4660842, at *2 (E.D. Cal. Sept. 17, 2014) ("[B]oilerplate objections do not
10  suffice . . . to shield against the disclosure of discoverable information.").

11      After carefully reviewing defendants' motion for reconsideration, the magistrate judge's
12  order and the underlying record, the court finds no clear error or decision contrary to the law.
13  Accordingly, this motion is **denied**.

14      **C.**    **Order on Sanctions**

15      Defendants also seek reconsideration of the magistrate judge's order directing defendants
16  to pay plaintiff $21,100 in sanctions, *see* Third Mot., following what the judge described as
17  "unwarranted opposition to plaintiff's discovery requests." Sanctions Order at 2. Once again, the
18  court finds no clear error or decision contrary to the law.

19      The magistrate judge found "defendants' vague, conclusory, and unmeritorious arguments
20  in opposition to the award of monetary sanctions mirror[ed] the arguments asserted in opposition
21  to plaintiff's motion to compel." *Id.* at 5. Given this, the magistrate judge determined sanctions
22  were warranted because defendants did not meet their burden to show their position was
23  substantially justified. *Id.* Defendants argue this finding constituted manifest error because the
24  discovery disagreement they presented to the court was reasonable. *See* Third Mot. at 2–4.
25  According to defendant, "[t]he sheer length of discussion of the joint statements are indicative of
26  the reasonable disagreements." *Id.* (verbatim transcription). However, as the magistrate judge
27  observed, discussion length does not necessarily correlate with a reasonable disagreement. *See*
28  Sanctions Order at 4 ("Defendants propose[] a standard that would reward parties for asserting

4

numerous unmeritorious arguments, as defendants have done here."). A review of the record, the parties' arguments and the magistrate judge's order shows no clear error or finding contrary to law in this respect.

In the alternative, defendants argue the magistrate judge committed clear error in finding the award amount reasonable. *Id.* at 7–8. In reviewing the relevant briefing, including the magistrate judge's order, *see* Sanctions Order, and the plaintiff's declaration supporting the award for attorney's fees, *see* Hilary A. Soloff Decl., ECF No. 101, the court finds no clear error or finding contrary to law. *See Akey v. Placer Cnty.*, No. 14-2402, 2017 WL 1831944, at *14 (E.D. Cal. May 8, 2017) (denying motion for reconsideration of sanctions order "[b]ecause the magistrate judge's basis for imposing sanctions was reasonable, as was the amount of sanctions imposed").

Accordingly, this motion is **denied**.

### III.   CONCLUSION

Defendants' motions for reconsideration are **denied**. The court has carefully reviewed the magistrate judge's orders, the parties' briefs and the record in this case and finds no clear error and no holdings contrary to law. Defendants are directed to promptly comply with the magistrate judge's orders within seven (7) days of the filed date of this order. Any other pending discovery motions remain under referral to the assigned magistrate judge. *See* Mins. & Rule 16 Bench Order, ECF No. 32.

This order resolves ECF Nos. 136, 147 and 148.

IT IS SO ORDERED.

DATED: April 24, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE