UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy Phillip Puckett, | No. 2:22-cv-00350-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

Defendants move ex parte to extend the date for discovery production the court set in its prior order resolving the parties' discovery dispute as relevant here. Ex Parte Appl., ECF No. 158. Plaintiff opposes. Ex Parte Opp'n, ECF No. 161. For the reason set forth below, the court **denies** defendants' application.

Following defendants' prior motion for reconsideration, this court directed defendants to "promptly comply with the magistrate judge's order[]" and produce documents at issue within seven days. *See* Prior Order (Apr. 4, 2024) at 6, ECF No. 150. "When an act must be done within a specified time, the court may, for good cause, extend the time[] with or without motion or notice if the court acts, or if a request is made, before the original time expires." Fed. R. Civ. P. 6(b)(1)(A); *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048, 1048 (9th Cir. 2018). Defendants'

1

request was made on the date of the deadline, a disfavored practice. Regardless, they must demonstrate good cause.[1]

On April 11, 2024, the date defendants were required to produce the documents, defense counsel emailed plaintiff's counsel stating, "it will take a little over a week to pull the records." Defense Email at 2, Ex Parte Opp'n Ex. 1, ECF No. 161-2. According to defendants, "the number of reports, where they are housed, the limitations in the system, and limitations of staff, makes this an impossible task to perform in the allotted time." Ex Parte Appl. at 2. Defendants state the "soonest these records can possibly be pulled and provided to counsel will be April 19, 2024." *Id.* However, to "allow for human error in estimation," defendants request the new deadline be set for April 25, 2024. *Id.* Further, defendants state the delay will not cause "prejudice to plaintiff." *Id.*

Plaintiff opposes, arguing the "Sheriff's Office has had Plaintiff's facially relevant and proportional Requests for **nearly 16 months**, has been in receipt of an order requiring response to the Requests for **two months**, and has known for **an entire week** that it must make the required production." Ex Parte Opp'n at 4 (emphasis in original). Additionally, plaintiff argues the prejudice to plaintiff "could not be clearer" given the "proposed depositions for May" and the "deadline for completion of discovery is less than two months away." *Id.* at 7–8. Plaintiff also argues defendants "ha[ve] not shown that *ex parte* relief is merited," citing the requirements for ex parte applications in this court's Civil Standing Order. *See id.* at 2, 5; Civil Standing Order ¶ 7.

As plaintiff points out, defendants' ex parte application is procedurally improper under this court's Standing Order, *see* Ex Parte Opp'n at 2, 5; Civil Standing Order ¶ 7, as well as under Local Rule 144. Defendants have not provided a "satisfactory explanation" for why they could not obtain a stipulation for the extension they request. *See generally* John R. Whitefleet Decl., ECF No. 158. Defendants provided plaintiff with less than three hours to respond on the day the

---

[1] Because defendants seek to modify this court's prior order setting a deadline to produce documents, good cause must be shown under Federal Rule of Civil Procedure 6. Fed. R. Civ. P. 6(b)(1)(A). Rule 16 is not implicated by this application because defendants do not seek to modify the court's scheduling order. *See id.* R. 16(b)(4).

production was due before filing this ex parte application. *See* Defense Email at 1; Whitefleet Decl. ¶ 2. Defense counsel's declaration otherwise satisfies the requirements outlined in the court's standing order and the ex parte application is fully briefed. *See generally* Whitefleet Decl.; Ex Parte Appl.; Ex Parte Opp'n. The court exercises its discretion to consider the ex parte application, although counsel is once again cautioned to properly exhaust meet and confer in the future or risk further sanctions.

On the merits, the court finds defendants have not shown good cause. Defendants emailed plaintiff the day the documents were due stating it would "take a little over a week to pull the records" and requested plaintiff stipulate to a two-week extension. Defense Email at 1. Given that a week had already transpired since this court's order, it is unclear why an additional two weeks was necessary to produce the documents, particularly because defendants were already on notice they would need to produce the documents if the court did not rule in their favor on the motion for reconsideration. Moreover, defendants provide no reason why they waited until the day production was due to alert plaintiff and the court of their inability to meet the production deadline. Defendants have not provided a satisfactory explanation showing good cause, and so the ex parte application is **denied**. The previously imposed deadline remains in effect, *see* Prior Order (Apr. 4, 2024), and plaintiff may seek relief as warranted from this court or the magistrate judge.

This order resolves ECF No. 158.

IT IS SO ORDERED.

DATED: April 24, 2024.

CHIEF UNITED STATES DISTRICT JUDGE