UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No.  2:22-cv-0350 KJM DB<br><br><br>ORDER |

        On December 8, 2023, plaintiff filed a motion to compel and noticed if for hearing before the undersigned pursuant to Local Rule 302(c)(1).  (ECF No. 56.)  On March 20, 2024, the undersigned issued an order sanctioning defense counsel $500 for refusing to meet and confer with respect to a separate motion to compel because that conduct violates both the Local Rules and the undersigned's Standard Information.  (ECF No. 119.)

        On March 22, 2024, the parties filed a Joint Statement re Discovery Dispute pursuant to Local Rule 251 in connection with plaintiff's motion to compel filed on December 8, 2023.  (ECF No. 128.)  The Joint Statement reflected that defendants provided plaintiff with amended responses "at 7:08 p.m. the evening before [the] Joint Statement was due."  (Id. at 6.)  On March 26, 2024, the undersigned issued an order continuing the hearing of plaintiff's motion to compel to May 3, 2024.  (ECF No. 131 at 2.)  The order also explicitly ordered the parties to "meet and

confer in compliance with the Local Rules and the undersigned's Standard Information with respect to defendants' amended production[.]" (ECF No. 131 at 2.) The parties were also ordered to file a notice of withdrawal of the motion to compel or an updated Joint Statement on or before April 26, 2024. (Id.)

On April 26, 2024, the parties filed an updated Joint Statement.[1] (ECF No. 171.) On April 29, 2024, defense counsel filed a declaration in support of the updated Joint Statement. (ECF No. 173.) The declaration reflects that, again, defendants made a last-minute production of additional documents, this time at 2:14 pm on the day the Joint Statement was due. (ECF No. 173-1 at 3.) Given the history of this case, defendants' production of any discovery is a positive sign. However, the repeated production of additional documents so close in time to the filing of a Joint Statement is curious and concerning.

Moreover, defense counsel argues in the Joint Statement that since defendants' supplemental production on March 21, 2024, there has not been "any meet and confer[.]" (Id. at 4.) This statement appears to be both true and galling—as it seems that responsibility for that failure is entirely defense counsel's.

In this regard, plaintiff's counsel has provided evidence that on April 16, 2024, plaintiff's counsel emailed defense counsel. (ECF No. 172-10 at 2.) The email stated that "On March 26, 2024, the Court issued an order . . . [that] required the parties to meet and confer prior to filing an updated Joint Statement." (Id.) The email asked defense to "let us know when you are available to meet and comply with the Court's Order." (Id.) On April 19, 2024, plaintiff's counsel again emailed defense counsel. (Id.) That email stated that plaintiff's counsel "would appreciate a response ASAP in the hopes that we can narrow the issues placed before the Court . . . in our amended joint statement" and to "[p]lease also let us know when you are available to meet next week on these issues to discuss." (Id.) On April 23, 2024, plaintiff's counsel emailed defense

---

[1] The March 26, 2024 order also invited the parties to address the issue of whether the deadline for fact discovery should be extended. (ECF No. 131 at 2.) Plaintiff has addressed this issue in the updated Joint Statement, requesting extensions of time for discovery related deadlines and the dispositive motion deadline. (ECF No. 171 at 10.) Plaintiff's request for extension of discovery related deadlines will be granted. However, only the assigned District Judge can modify the deadline for dispositive motions.

2

counsel a third time, providing plaintiff's portion of the updated joint statement and asking again "[p]lease also let us know when you are available to meet and confer in order to comply with [the undersigned's] order and as we asked repeatedly last week." (ECF No. 172-11 at 2-3.) Defense counsel emailed plaintiff's counsel on April 26, 2024, stating simply "[h]ere you go" and attaching defendants' portion of the updated Joint Statement. (Id. at 3.)

Shockingly, defense counsel's declaration asserts that counsel "saw no attempt to substantively meet and confer regarding the sufficiency of those amended responses." (Whitefleet Decl. (ECF No. 173) at 2.) That assertion appears to be blatantly contradicted by the evidence offered by plaintiff's counsel. Defense counsel asserts that "[m]erely asking to meet and confer, but without providing any case law nor identify (sic) what specific issues counsel for Plaintiff wished to meet and confer about fails to give me any idea about how to address any concerns etc., nor any authorities to review as to how the amended responses were somehow deficient." (Id.)

Assuming, *arguendo*, that this were the first discovery dispute between the parties, defense counsel's argument, if found in an email responding to an initial request to meet and confer, would be permissible. Requesting more specificity to improve a future meet and confer is reasonable. But defense counsel did not include this argument in a response to any of plaintiff's three requests to meet and confer. Instead, defense counsel ignored plaintiff's multiple requests. And defense counsel did so after having been sanctioned for engaging in similar conduct.[2]

Moreover, this is not only an issue of failing to comply with the Local Rules and the undersigned's Standard Information. Defense counsel failed to comply with the undersigned's March 26, 2024 order which ordered the parties to "meet and confer in compliance with the Local Rules and the undersigned's Standard Information with respect to defendants' amended production[.]" (ECF No. 131 at 2.) In this regard, even if plaintiff's counsel had never raised the issue of meeting and conferring, defense counsel had an independent obligation to comply with

---

[2] As pointed out by the assigned District Judge, this is not the first case in which the court has had to remind defense counsel about the obligation to meet and confer. (ECF No. 150 at 6) (citing Mollica v. Cnty. of Sacramento, No. 2:19-cv-2017 KJM DB, 2022 WL 15053335 (E.D. Cal. Oct. 26, 2022).

3

1  the March 26, 2024 order by seeking to meet and confer with plaintiff's counsel.  Not only did
2  defense counsel fail to due so, defense counsel ignored plaintiff's counsel's repeated reminders
3  about, and attempts to comply with, the March 26, 2024 order.
4    The refusal to meet and confer is a violation of the Local Rules and the undersigned's
5  Standard Information.  <u>See</u> Local Rule 251(d) ("Refusal of any counsel to participate in a
6  discovery conference . . . shall be grounds, in the discretion of the Court, for entry of an order
7  adverse to the party represented by counsel so refusing or adverse to counsel.").  Moreover, the
8  failure of a party to comply with the Local Rules or any order of the court "may be grounds for
9  imposition by the Court of any and all sanctions authorized by statute or Rule or within the
10 inherent power of the Court."  Local Rule 110.  Defense counsel's conduct has caused additional
11 unnecessary expenditure of time and resources, and further delayed the resolution of plaintiff's
12 motion.
13   Given defense counsel's conduct, and the repeated nature of that conduct, the undersigned
14 is inclined to sanction defense counsel.  Defense counsel will be given an opportunity to first
15 show cause as to why sanctions should not issue before the undersigned issues that order.
16 Defense counsel is cautioned that, given the circumstances and defense counsel's prior conduct,
17 the undersigned is considering a sanction in an amount much greater than the $500 sanction
18 previously imposed, as that seems to have proven inadequate.
19   Moreover, to allow plaintiff an opportunity to review defendants' most recent production,
20 and for the parties to finally meet and confer as ordered on March 26, 2024, the May 3, 2024
21 hearing of plaintiff's motion will be continued.  The undersigned will provide additional guidance
22 in an attempt to aid the parties' meet and confer.  The undersigned has issued orders granting
23 plaintiff's motions to compel with respect to Rule 30(b)(6) depositions, production of documents,
24 and responses to interrogations.  (ECF Nos. 74, 80, 94, 119, 137.)  Defendants sought
25 reconsideration of each of those orders, as was their right.
26   The assigned District Judge has issued orders denying every motion for reconsideration
27 filed by defendants, finding that the undersigned's orders were free from clear error or a holding
28 contrary to the law.  (ECF Nos. 150 & 168.)  In this regard, the lack of merit found in defendants'

prior arguments in opposition to those discovery motions is now beyond dispute.  The continued reliance on recycled arguments, vague and conclusory arguments, cut and paste arguments, boilerplate objections, and/or the bare assertion of privilege without any support would be inexcusable.  And given that defendants have already been subject to monetary sanctions for this conduct—with the issue of additional sanctions pending—the continued reliance on such conduct despite orders from this court would implicate that a sanction harsher than monetary sanctions may be warranted.  It is the undersigned sincere hope that the orders from both the undersigned and the assigned District Judge will provide the parties with guidance as to conduct that should be avoided going forward.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 3, 2024 hearing of plaintiff's motion to compel (ECF No. 56) is continued to **June 7, 2024 at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27 before the undersigned;

2. The parties shall meet and confer in compliance with the Local Rules and the undersigned's Standard Information with respect to defendants' amended production on or before **May 17, 2024**;

3. On or before **May 31, 2024**, the parties shall file either a withdrawal of the motion to compel or an updated Joint Statement re Discovery Disagreement[3];

4. The deadline for the completion of fact discovery is continued to **August 1, 2024**;

5. The deadline for the completion of expert disclosure is continued to **October 1, 2024**;

6. The deadline for the completion of rebuttal expert exchange is continued to **November 1, 2024**;

////

////

---

[3] In the event the motion to compel is withdrawn, the undersigned will issue an order seeking briefing with respect to the issue of monetary sanctions.  See Balla v. Idaho, 677 F.3d 910, 920 (9th Cir. 2012) ("Rule 37(a)(5)(A) requires the court to award attorneys fees in most circumstances where the disclosure or requested discovery is provided after the motion was filed, even though in such a circumstance, there would be no order compelling the party to do what it has already done.").

5

7. The deadline for the completion of expert discover is continued to **December 31, 2024**; and

8. Within seven days of the date this order is filed defense counsel shall show cause in writing as to why they should not be sanctioned for their conduct.

Dated: April 30, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.mtc.cont4.ord