UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT, | No. 2:22-cv-0350 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

On March 22, 2024, plaintiff filed a motion to find defendants in contempt and noticed it for hearing before the undersigned pursuant to Local Rule 302(c)(1). (ECF No. 123.) On April 3, 2024, the undersigned issued an order continuing the hearing of the motion for contempt to May 17, 2024. (ECF No. 145.) On May 10, 2024, defense counsel filed an ex parte application to continue the May 17, 2024 hearing. (ECF No. 181.)

Therein, defense counsel asserts that defense counsel "is also counsel of record for Defendants in *Beard et al v. County of Stanislaus*, Case No. 21-cv-0841 JAM CSK set to commence trial on May 13, 2024." (Id. at 1.) Defense counsel claims that "[o]n Wednesday, the clerk informed counsel that Friday, May 17, 2024 would be an active day of trial, notwithstanding that counsel for Defendants thought it might be a 'dark' day for purposes of trial." (Id.) Defense counsel suggests the hearing be continued to "June 6, 2024, which is already set for another

1

hearing in the case." (Id. at 3.) Although there is no hearing set for June 6, 2024, in this action, the undersigned assumes defense counsel meant June 7, 2024.

Because plaintiff's motion for contempt implicates sanctions against defense counsel as well as defendants, the undersigned will grant the motion and continue the hearing. However, the final pretrial conference in Beard occurred on March 8, 2024, and a Pretrial Conference Order was issued that same day. Defense counsel has been aware of the May 17, 2024 hearing in this action since April 3, 2024. It was defense counsel's responsibility to ensure their availability, to seek clarification if necessary, and to timely inform the court and the parties in this action.

Moreover, the transcripts of the final pretrial conference in Beard reflect that the District Judge in Beard explicitly told defense counsel that the trial would last "the whole week" and that defense counsel would "get five full days" specifically listing May 17, 2024, as one of the days for trial. See Beard et al v. County of Stanislaus, Case No. 21-cv-0841 JAM CSK, ECF. No. 87 at 31.) Under these circumstances, the undersigned is inclined to sanction defense counsel for their conduct. Counsel, however, will first be given an opportunity to address the issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' May 10, 2024 ex parte application (ECF No. 181) is granted;

2. The May 17, 2024 hearing of plaintiff's motion for contempt (ECF No. 123) is continued to **June 7, 2024, at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27 before the undersigned; and

3. Within fourteen days of the date of this order defense counsel shall show cause in writing as to why they should not be sanctioned.

Dated: May 14, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.mot.contempt.cont.ord

2