UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PHILLIP PUCKETT, | No. 2:22-cv-0350 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

    As the parties are aware, this action stems from plaintiff's conviction for robbery and murder, resulting in roughly 20 years of incarceration despite being factually innocent, allegedly as a result of defendants' withholding or ignoring exonerating evidence. (ECF No. 36 at 2.) On February 16, 2024, plaintiff filed a motion to compel. (ECF No. 83.) Pursuant to Local Rule 302(c)(1), the matter came before the undersigned for hearing on March 15, 2024. Attorneys Hilary Soloff, Ryan Snyder, and Harrison Frahn appeared on behalf of plaintiff, who was also present. (ECF No. 112.) Attorney John Whitefleet appeared on behalf of defendants. (Id.)

    On March 20, 2024, the undersigned issued an order granting plaintiff's motion to compel and ordering the parties to file briefing addressing the award of monetary sanctions. (ECF No. 119.) Plaintiff filed a memorandum in support on March 26, 2024. (ECF No. 133.) Defendants

////

filed an opposition on April 2, 2024.  (ECF No. 144.)  Having considered the parties' written and oral arguments, monetary sanctions will be awarded as explained below.

## ANALYSIS

The discovery process in theory should be cooperative and largely unsupervised by the district court."  Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018).  "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions."  Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020).  When the court grants a motion to compel it must "after giving an opportunity to be heard," award "reasonable expenses incurred in making the motion, including attorney's fees," unless the "opposing party's position was 'substantially justified' or that 'other circumstances make an award of expenses unjust.'"  Id.  (quoting Fed. R. Civ. P. 37(a)(5)(A)); see also Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D. N.Y. 2002) ("the losing party on a motion to compel must pay reasonable expenses, barring extenuating circumstances").  "The burden of establishing this substantial justification or special circumstances rests on the party being sanctioned."  Infanzon, 335 F.R.D. at 311.

Moreover, "[u]nder its 'inherent powers,' a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  Leon v. IDX Systems Corp., 464 F.3d 951, 961 (9th Cir. 2006) (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997)).  "'Rule 37(b) provides for sanctions against parties who unjustifiably resist discovery."  Quadrozzi v. City of New York, 127 F.R.D. 63, 73 (S.D. N.Y. 1989).  "Monetary sanctions, in particular, may be awarded to compensate for added expense caused by the recusant party's conduct."  Id. at 74.  "In evaluating the propriety of sanctions, we look at all incidents of a party's misconduct."  Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990).

### A.     Defendants' Conduct and Substantial Justification

The March 15, 2024 hearing was the fourth time the undersigned heard a motion to compel brought by plaintiff against defendants.  (ECF Nos. 73, 77, 85, 112.)  All four of

1  plaintiff's motions to compel were meritorious.  (ECF Nos. 74, 80, 94, 119.)  Defendants sought
2  reconsideration of each of the orders granting plaintiff's motions, as was their right.  (ECF Nos.
3  84, 92, 109, 136.)  The assigned District Judge denied each of defendants' motions for
4  reconsideration.  (ECF Nos. 150, 168.)

5  In granting plaintiff's motions to compel the undersigned repeatedly advised defendants
6  that their arguments were "confusing and misplaced," (ECF No. 74 at 5), "unmeritorious," (ECF
7  No. 80 at 4), and "woefully inadequate."  (ECF No. 94 at 5.)  Despite the guidance given to
8  defendants in the multiple orders detailing the deficiencies found in defendants' argument,
9  defendants persisted in opposing discovery in this same manner.

10  Defendants were also warned that they could be subject to an award of monetary
11  sanctions.  (ECF No. 80 at 4.)  Indeed, on March 29, 2024, the undersigned issued an order
12  awarding monetary sanctions against defendants in the amount of $21,100, in connection with
13  plaintiff's motion to compel filed on January 19, 2024.  (ECF No. 138.)  Defendants also sought
14  reconsideration of that order by the assigned District Judge.  (ECF No. 147.)  On April 25, 2024,
15  the assigned District Judge denied defendants' motion for reconsideration.  (ECF No. 168.)

16  Review of defendants' argument in opposition find that it is again without merit and fails
17  to approach a showing of substantial justification for the reasons explained thoroughly by the
18  orders issued by the undersigned and the assigned District Judge, as well as for the reasons
19  articulated in plaintiff's memorandum in support.  (ECF No. 133.)  To those prior orders the
20  undersigned adds the following.

21  Defendants "take issue with  Plaintiff's characterization that 'Entity Defendants' conduct
22  has forced Plaintiff to file nine separate motions to compel."  (Defs.' Opp.'n (ECF No. 144) at 2.)
23  Defendants assert that if defendants "had any input or say" defendants "may have been able to
24  suggest a more efficient method rather than piecemeal motions" presented by plaintiff.  (Id.)
25  Defendants, of course, had input and say, through their counsel.

26  First, one of the aims of the meet and confer requirements set forth in the Local Rules and
27  the undersigned's Standard Information is to allow parties to discuss "more efficient method[s]"
28  of resolving discovery disputes.  Defense counsel, however, refused to meet and confer with

plaintiff's counsel in connection with this motion in violation of both the Local Rules and the undersigned's Standard Information, resulting in a sanction. (ECF No. 119 at 2-3, 10.)

Moreover, at any time over the course of the odyssey that has been discovery in this action defense counsel could have proposed, in writing or during oral argument, that the parties' discovery disputes be organized in a particular fashion to save resources and improve efficiency. That practice is not uncommon in discovery disputes coming before the undersigned. Instead, defendants simply repeatedly opposed plaintiff's motions to compel based on arguments that were entirely lacking articulation, support, and merit, often relying on vague, conclusory, and cut and paste arguments which seemed to ignore the guidance given by the court.

Defendants go on to argue "that reasonable minds may disagree on an interpretation of the scope of the categories at issue," and continue in this vein by making vague allusions to "a category" or "categories." (Defs.' Opp.'n (ECF No. 144) at 2-3.) It is precisely this type of vague and conclusory argument that the court has repeatedly explained to defendants is insufficient. In contrast, the order granting plaintiff's motion to compel addressed the deposition topics individually, providing legal authority and analysis in support of the decision to grant the motion to compel as to each topic. (ECF No. 119 at 4-9.)

For the reasons stated above, the undersigned finds that defendants have not approached a showing of substantial justification and that their conduct warrants sanctions. See generally Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D. N.Y. 2009) ("boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy . . . . are a paradigm of discovery abuse").

**B.      Reasonable Attorneys' Fees**

"The district court has a great deal of discretion in determining the reasonableness of the fee[.]" Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). "The calculation of the amount of a 'reasonable attorney's fee' is not a precise science." Green v. Baca, 225 F.R.D. 612, 614 (C.D. Cal. 2005). However, a "strong presumption exists that the lodestar figure represents a reasonable fee." Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987) (cleaned up). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably

4

1  expected on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523
2  F.3d 973, 978 (9th Cir. 2008); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The
3  lodestar is deemed to be presumptively reasonable, though the district court has the discretion to
4  consider an upward or downward adjustment.  Camacho, 523 F.3d at 978.

5  In assessing applications for attorney's fees the reasonable hourly rates are to be
6  calculated according to the prevailing market rates in the relevant legal community.  Blum v.
7  Stenson, 465 U.S. 886, 895 (1984); see also Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir.
8  2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be
9  guided by the rate prevailing in the community for similar work performed by attorneys of
10 comparable skill, experience, and reputation.'") (quoting Chalmers v. City of Los Angeles, 796
11 F.2d 1205, 1210-11 (9th Cir. 1986)).  It is also the general rule that the "relevant legal
12 community" is the forum district and that the local hourly rates for similar work should normally
13 be employed.  See Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013); Prison
14 Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010); Gates v. Rowland, 39 F.3d
15 1439, 1449 (9th Cir. 1994); Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

16 Here, plaintiff's briefing is supported by a declaration from attorney Hilary A. Soloff.
17 (ECF No. 134.)  The declaration details the efforts plaintiff's counsel was forced to expend to
18 secure the discovery plaintiff was entitled to because of defendants' unjustified opposition.  (Id. at
19 2-9.)  The declaration also provides information about the skill, experience, and reputation of
20 plaintiff's counsel.  (Id. at 5-7.)

21 Moreover, the declaration establishes that plaintiff's counsel expended 67.75 hours of
22 attorney time in connection with the motion to compel which would result in a cost of $77,074.74
23 using counsel's usual billing rates.[1]  (Id. at 6.)  However, plaintiff's counsel has not billed for
24 various meet and confer efforts, travel time to hearings, or any of the hours billed by Harrison
25 Frahn who "is Of Counsel in Simpson Thacher's litigation department." (Id. at 4-6.)  Based on

26
27 [1] "[F]ee requests can be based on reconstructed records developed by reference to litigation files." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (quotation omitted); see also
28 Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983) ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended.").

defendants' conduct and the nature of the dispute the undesigned finds the number of hours expended to be reasonable.

However, as acknowledged by plaintiff and this court's prior sanctions award, the prevailing market rate in this district given the skill, experience, and reputation of plaintiff's counsel is $400.  Puckett v. Cnty. of Sacramento, No. 22:22-cv-0350 KJM DB, 2024 WL 1345196, at *4 (E.D. Cal. Mar. 29, 2024); ECF No. 168 at 4-5; Pl.'s Memo. (ECF No. 133) at 12-13; see also Moose Hills, LLC v. Enel Kansas, LCC, No. 2:22-cv-1488 MCE AC, 2023 WL 3437189, at *5 (E.D. Cal. May 12, 2023) (awarding rate of $400 per hour).  A rate of $400 per hour for 67.75 hours of attorney time results in a lodestar of $27,100.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that defendants shall pay plaintiff sanctions in the amount to $27,100 within seven days of the date of this order.

Dated:  May 20, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.sanctions2.ord

6