UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY PHILLIP PUCKETT,

Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

No. 2:22-cv-0350 KJM DB

ORDER

On December 8, 2023, plaintiff filed a motion to compel. (ECF No. 56.) The hearing of plaintiff's motion was continued several times. (ECF Nos. 62, 131, 175.) On May 31, 2024, the parties filed a Joint Statement re: Discovery Disagreement. (ECF No. 190.) On June 7, 2024, the motion came for hearing before the undersigned pursuant to Local Rule 302(c)(1).[1] (ECF No. 193.) Attorneys Rachel June-Graber and Harrison Frahn appeared on behalf of plaintiff, who was also present. Attorney John Whitefleet appeared on behalf of defendants. After hearing oral argument, plaintiff's motion was taken under submission. Having considered the parties' briefing and oral argument, for the reasons stated below and at the June 7, 2024 hearing, the undersigned orders as follows.

[1] Also heard on June 7, 2024, was plaintiff's motion for contempt. (ECF No. 123.) That motion will be addressed separately.

**I. Defense Counsel's Sanction**[2]

As noted above, plaintiff filed the pending motion to compel on December 8, 2023. (ECF No. 56.) The parties filed a prior Joint Statement on March 22, 2024. (ECF No. 128.) That Joint Statement reflected that the defendants had provided amended responses and discovery the evening prior to the due date for the filing of the Joint Statement. (Id. at 6.)

Accordingly, on March 26, 2024, the undersigned issued an order continuing the hearing of plaintiff's motion to May 3, 2024. (ECF No. 131.) That order also ordered the parties to "meet and confer in compliance with the Local Rules and the undersigned's Standard Information with respect to defendants' amended production[.]" (Id. at 2.)

On April 26, 2024, the parties filed another Joint Statement. (ECF No. 171.) Therein, defense counsel stated that the parties had not met and conferred contrary to the March 26, 2024. (Id. at 4.) From the evidence provided by plaintiff's counsel, it appeared that defense counsel had willfully disregarded the March 26, 2024 order.

In this regard, plaintiff provided evidence that on April 16, 2024, plaintiff's counsel emailed defense counsel. (ECF No. 172-10 at 2.) The email stated that "On March 26, 2024, the Court issued an order . . . [that] required the parties to meet and confer prior to filing an updated Joint Statement." (Id.) The email asked defense counsel to "let us know when you are available to meet and comply with the Court's Order." (Id.) On April 19, 2024, plaintiff's counsel again emailed defense counsel. (Id.) That email stated that plaintiff's counsel "would appreciate a response ASAP in the hopes that we can narrow the issues placed before the Court . . . in our amended joint statement" and to "[p]lease also let us know when you are available to meet next week on these issues to discuss." (Id.)

On April 23, 2024, plaintiff's counsel emailed defense counsel a third time, providing plaintiff's portion of the updated joint statement and asking again "[p]lease also let us know when you are available to meet and confer in order to comply with [the undersigned's] order and as we asked repeatedly last week." (ECF No. 172-11 at 2-3.) Defense counsel emailed plaintiff's

---

[2] The undersigned has repeatedly recounted the background of this action and will forego doing so here, other than to state that this action stems from plaintiff's wrongful conviction for murder and robbery, resulting in over twenty years of incarceration despite being innocent.

counsel on April 26, 2024, stating simply "[h]ere you go" and attaching defendants' portion of the updated Joint Statement. (Id. at 3.)

Accordingly, on May 1, 2024, the undersigned issued an order continuing the hearing of plaintiff's motion to compel to June 7, 2024. (ECF No. 175 at 5.) The order also advised defense counsel that the undersigned was contemplating sanctioning defense counsel and provided defense counsel an opportunity to show cause for their conduct. (Id. at 4-6.)

On May 8, 2024, defense counsel filed a declaration in response to the May 1, 2024 order. (ECF No. 178.) Therein, defense counsel states:

> This court states I have "affirmative duty" to respond to general overtures to meet and confer, but such seems tantamount to having to tell counsel for Plaintiff how to do their jobs in meet and confer. Merely asking to meet and confer, but without providing any case law nor identify what specific issues counsel for Plaintiff wished to meet and confer about fails to give me any idea about how to address any concerns etc., nor any authorities to review as to how the amended responses were somehow deficient how long such might take. The undersigned begs the court's understanding that in light of my extraordinarily busy schedule, such generalized overtures from counsel for plaintiff without substance seems unfair to lay the entirety of substantive portion of the process at my feet.

(Whitefleet Decl. (ECF No. 178) at 2.)

Defense counsel's response is erroneous in several respects. First, the undersigned has previously remarked about the unprecedented nature of defendants' opposition to discovery in this action, at least as to cases that have come before the undersigned. It is also true that defense counsel's repeated reliance on an "extraordinarily busy schedule" has been unprecedented in cases that have come before the undersigned.

Availability for meeting and conferring, timely filings, attending hearings, etc., is simply part of the demands of effective representation. Moreover, as explained by the assigned District Judge on April 4, 2024, "defense counsel is not a sole practitioner, but is part of a relatively large firm with several other attorneys." (ECF No. 150 at 6.) The assigned District Judge further advised defense counsel that "[t]he court anticipates that if in the future defense counsel cannot meet the demands of this case by himself, other attorneys and staff will be available to assist him." (Id.)

Second, whether defense counsel received specific or generalized "overtures" to meet and confer he must meet and confer. If defense counsel wanted more specificity from plaintiff's counsel he should have communicated that. Instead defense counsel ignored plaintiff's repeated requests to meet and confer. Local Rule 251(d) states that the "[r]efusal of any counsel to participate in a discovery conference . . . shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel." (citing Local Rule 110). There is no requirement that the request to meet and confer contain any magic language or certain "specificity."

Third, even in the absence of the affirmative duty demanded by the Local Rules, the March 26, 2024 order explicitly ordered the parties to meet and confer. (ECF No. 131 at 2.) As explained by Local Rule 110, the failure of counsel to comply "with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized[.]" Thus, even if plaintiff's counsel had failed to attempt to meet and confer, defense counsel had an independent obligation to attempt to meet and confer. That defense counsel ignored plaintiff's counsel's repeated attempts to comply with the March 26, 2024 order only makes defense counsel's conduct more egregious.

This is not the first case in which defense counsel has displayed opposition to meeting and conferring. See Mollica v. Cnty. of Sacramento, No. 2:19-cv-2017 KJM DB, 2022 WL 15053335 (E.D. Cal. Oct. 26, 2022). Nor is it the first instance in this case in which defense counsel has refused to meet and confer. The undersigned previously sanctioned defense counsel $500 for refusing to meet and confer. (ECF No. 119.)

Given defense counsel's blatant violation of an order of this court and repeated misconduct as it relates to the meet and confer requirement, defense counsel will be sanctioned in the amount of $2,000.[3]

////

////

[3] This sanction shall be paid solely by defense counsel and not defendants as the sanction is the result of defense counsel's conduct.

## II. Plaintiff's Motion to Compel

At issue are several of plaintiff's requests for production of documents to defendants County of Sacramento ("County"), Sacramento County District Attorney's Office ("DA"), and the Sacramento County Sheriff's Office ("Sheriff's Office). Defendants' amended responses to plaintiff's requests remain deficient, as they are vague and conclusory. For example, plaintiff's Request No. 5 to the DA and Sheriff's Office seeks all documents and communications concerning the "Dvorksy Investigation."[4] (JS (ECF No. 190) at 5.) The DA's amended response is that "as there was no separate prosecution arising from that matter, any responsive documents" were already produced. (Id. at 6.) The Sheriff's Office amended response is that the defendant "previously produced documents" and there "are no other responsive documents . . . in that email accounts" of named defendants "no longer exist." (Id.)

Plaintiff's Request No. 24 to the DA seeks all "Documents and Communications" related to "policies, procedures, or customary practices" from January of 1990 to December of 2005 concerning exculpatory evidence, evidence preservation, Brady, etc. (Id. at 17.) The DA's amended response is that the DA "did not have a written policy related to the items requested" and that a search of the Legal and Case Prosecution Manual, did not locate any such materials." (Id.) Plaintiff's Request No. 26 to the Sheriff's Office seeks all documents and communications concerning policies, procedures, or customary practices between January 1, 1990 and December 31, 2055, concerning the decision to discipline employees for civil rights violations. (Id. at 19.) Defendant Sheriff's Office amended response is that "during that timeframe . . . no such written policy . . . ever existed, and thus there are no responsive documents." (Id.) There is no information provided as to how the defendant arrived at that conclusion. Nor does the response address communications, procedures, or practices.

In this regard, defendants' amend responses repeatedly provide only vague and conclusory information about the searches performed, if any, to locate responsive documents. Moreover, only defendant Sherriff's Office has provided a declaration in support of its amended responses.

[4] Angela Dvorsky died around the time of the events at issue and the complaint alleges that the "investigation into Dvorsky's death led Detectives to hundreds of pages of evidence exonerating plaintiff[.]" (ECF No. 36 at 3.)

And that declaration does not evidence that the defendant engaged in a thorough search for responsive documents. Because defendants' responses are vague and conclusory, it is far from clear that additional responsive documents do not exist. That is especially true given that defendants previously represented documents did not exist only to later locate thousands of pages of responsive documents. (ECF No. 145 at 3.)

In the Joint Statement defendants repeatedly assert that they are "willing to provide" declarations in support of their responses, "agree[] to provide" amended responses, or "will provide amended responses[.]" (JS (ECF No. 190) at 9, 16, 23, 25.) Plaintiff's motion was filed on December 8, 2023. (ECF No. 56.) Why defendants did not previously provide the declarations and amended responses they now agree to provide is puzzling to say the least.

At the June 7, 2024 hearing, defense counsel expressed confusion as to why the amended responses were deficient and why the County of Sacramento and the DA needed to provide declarations in support of their amended responses. This is not the first-time the undersigned has explained this to defense counsel. In an order issued on February 12, 2024, the undersigned explained:

> Therefore, "[i]n responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence[.]" Atcherley v. Clark, No. 1:12cv0225 LJO DLB (PC), 2014 WL 4660842, at *1 (E.D. Cal. Sept. 17, 2014) (citing Fed. R. Civ. P. 26). "If the search does not reveal responsive materials, the responding party should provide sufficient information for the requesting party, and the court, to be satisfied that the investigation was adequate." AECOM Energy & Construction, Inc. v. Ripley, Case No. CV 17-5398 RSWL (SSx), 2018 WL 4705914, at *7 (C.D. Cal. Apr. 26, 2018); see also Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *3 (E.D. Cal. Mar, 9, 2010) ("If, after a diligent search and reasonable inquiry, McKesson cannot produce the receipts, he must provide to Plaintiff a declaration detailing the steps he went through to locate those receipts and explain the prison's document retention policy, if applicable.").

(ECF No. 80 at 3.) In this regard, defendants should have provided amended responses and/or declarations stating with specificity the searches undertaken for all potential responsive documents such that plaintiff and the court could be satisfied that their search was adequate.

In an attempt to avoid any further confusion the undersigned will be more explicit and defendants are advised as follows. First, defendants shall produce any relevant documents that are "in the possession, custody or control of the [defendant] upon whom the request is served." Fed. R. Civ. P. 34(a). A defendant "cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012).

Second, "[i]n responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence[.]" Atcherley v. Clark, No. 1:12cv0225 LJO DLB (PC), 2014 WL 4660842, at *1 (E.D. Cal. Sept. 17, 2014) (citing Fed. R. Civ. P. 26).

Third, "[f]f, after a diligent search and reasonable inquiry," any defendant cannot locate responsive documents it "must provide . . . a declaration detailing the steps" taken to locate the documents. Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *3 (E.D. Cal. Mar. 9, 2010). Again, a declaration is especially relevant here given that defendants previously represented strenuously that documents did not exist only to later produce thousands of pages of documents. (ECF No. 145 at 3.)

**CONCLUSION**

Accordingly, for the reasons stated above, in the undersigned's prior orders, at prior hearings, and at the June 7, 2024 hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's December 8, 2023 motion to compel (ECF No. 56) is granted;

2. Defendants shall produce responsive discovery within fourteen days of the date of this order;

////

////

////

////

3. To the extent a defendant is not able to locate responsive documents, the defendant shall state the steps taken to search for the documents with sufficient specificity to allow the court to determine whether the defendant made a reasonable inquiry and exercised due diligence in conducting the search. Defendant shall also provide a declaration in support detailing the steps taken to search for responsive documents; and

4. Within seven days defense counsel shall pay sanctions in the amount of $2,000.

Dated: June 11, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/puckett0350.oah.060724