UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy Phillip Puckett, | No. 2:22-cv-00350-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

On March 19, 2024, the then-assigned magistrate judge granted plaintiff's motion to compel and ordered defense counsel to pay sanctions for violating the Local Rules and the magistrate judge's Standard Information. Compel Order, ECF No. 119. The magistrate judge also permitted the parties to brief whether plaintiff should be awarded the reasonable expenses he incurred in bringing the motion to compel. *Id.* at 10. The parties briefed the issue. *See* Pl.'s Mem., ECF No. 133; Defs.' Opp'n, ECF No. 144. In the interim, this court denied defendants' motion to reconsider the magistrate judge's order on the motion to compel. Prior Mot. Recons. MJ Compel Order, ECF No. 136; Prior Order, ECF No. 168. The magistrate judge then awarded plaintiff monetary sanctions of $27,000. Sanctions Order, ECF No. 186. Defendants now move to reconsider the magistrate judge's sanctions order. *See* Mot., ECF No. 188. Plaintiff opposes. Opp'n, ECF No. 192. For the reasons below, the court **strikes** the motion.

1

As an initial matter, there is no indication defendants' counsel met and conferred with plaintiff's counsel before seeking reconsideration. This court's standing order requires attorneys to meet and confer with one another before one of them files a motion. *See* Standing Order at 3, ECF No. 3-1. If a motion is necessary after meeting and conferring, the moving party must include a certification by an attorney "that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts." *Id.* (emphasis omitted). With respect to the motion pending in this case, the court is unwilling to excuse non-compliance with its standing order. Defendants' counsel is familiar with this court's requirement to meet and confer. *See Mollica v. County of Sacramento*, No. 19-2017, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022). Moreover, defendants' counsel already has paid sanctions in this case for not complying with meet and confer requirements. *See, e.g.*, Compel Order (ordering defense counsel to "pay sanctions in the amount of $500 for violating the Local Rules and the undersigned's Standard Information" by refusing to meet and confer). The failure to meet and confer alone provides sufficient grounds to strike the motion. *See, e.g.*, *Mollica*, 2022 WL 15053335, at *2.

The record also suggests defendants sought reconsideration reflexively, without considering the merits of a motion for reconsideration. This is defendants' seventh motion for reconsideration of the magistrate judge's orders. The court denied all six prior motions. *See* ECF Nos. 150, 168. The pending motion is nearly identical to the prior motion for reconsideration of the magistrate judge's sanctions order. *Compare* Mot. *with* Prior Mot. Recons. Prior MJ Sanctions Order, ECF No. 147; *see also* Prior Order at 4–5. In fact, apart from slight modifications of two sentences on page 3, where counsel uses the phrase "categories at issue" instead of "requests at issue" and "For example" instead of "Likewise," the addition of the word "not" on page 5, and one additional sentence on page 6, the arguments in these motions are identical—word for word, paragraph by paragraph. *Compare* Mot. at 3–6 *with* Prior Mot. Recons. Prior MJ Sanctions Order at 2–8. The court rejected these arguments before. *See* Prior Order at 4–5. Counsel does not acknowledge the arguments are identical, or explain why the court should not order now as it did before. This wasteful and abusive conduct is an independent reason to strike the pending motion. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402,

404 (9th Cir. 2010) (district courts have inherent authority to "control their docket," strike items as "a sanction for litigation conduct," and "rein in abusive conduct" (citations omitted)); *see, e.g., Hume v. Guardian Mgmt. LLC*, No. 21-517, 2024 WL 580138, at *2 (D. Or. Feb. 13, 2024) (declining to consider duplicative arguments and collecting cases).

Accordingly, the court **strikes** the motion for reconsideration for failing to comply with the court's standing order and for advancing duplicative, meritless arguments. The court also orders as follows:

- Defendants must comply with the magistrate judge's order **within seven days** of the filed date of this order.
- Defendants' counsel is **ordered to show cause within seven days** why counsel should not be sanctioned in the amount of $750 for not complying with the court's standing order on meeting and conferring.
- Defendants' counsel is **ordered to show cause within seven days** why the court should not impose monetary sanctions in the amount of plaintiff's reasonable fees and costs incurred opposing the stricken motion for reconsideration. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) (reaffirming district courts' inherent power to assess attorneys' fees for litigation pursued "in bad faith, vexatiously, wantonly, or for oppressive reasons" (citations and quotation marks omitted)).
- Defendants' counsel is further cautioned that similarly wasteful and abusive conduct, if repeated in the future, may result in more severe sanctions. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096–97 (9th Cir. 2007).

This order resolves ECF No. 188.

/////

1      IT IS SO ORDERED.

2   DATED: August 14, 2024.

3

                                         CHIEF UNITED STATES DISTRICT JUDGE