UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy Phillip Puckett, | No. 2:22-cv-00350-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

Plaintiff Jeremy Puckett requests an extension of the pretrial discovery and motion deadlines on an ex parte basis. ECF No. 250. His attorneys explain they were preparing for a recent deposition of a defense witness when they discovered an attorney representing two defendants—John Whitefleet, representing the County of Sacramento and the Sheriff's Department—had "cancelled" the deposition at the last minute without telling them. *See id.* at 1; Veross Decl. ¶¶ 2–6, ECF No. 249. After following up, plaintiff's counsel learned Mr. Whitefleet had cancelled the deposition so he could attend a settlement conference in another matter. *See* Veross Decl. ¶ 7 & Ex. B. Plaintiff's counsel then asked defendants whether they would stipulate to an extension of the pretrial deadlines. *See* Draikiwicz Decl. ¶¶ 2–5, ECF No. 251. Counsel for defendant Donald Henrikson responded and proposed a workable stipulation. *See id.* Ex. A. Mr. Whitefleet did not respond. *See id.* ¶ 7. Puckett then filed his pending ex parte application. Mr. Whitefleet filed no response on behalf of his clients, neither an opposition nor a statement of

1

non-opposition.  The request for an extension of time is therefore **granted** as unopposed and for good cause shown:

- The deadline for fact discovery is continued to **January 31, 2025**.
- The expert disclosure deadline is continued to **March 31, 2025**.
- The rebuttal expert disclosure deadline is continued to **May 5, 2025**.
- The expert discovery deadline is continued to **June 4, 2025**.
- The deadline to file all dispositive motions, except for motions for continuances, temporary restraining orders or other emergency applications, is continued to **September 17, 2025**.

This is not the first time Mr. Whitefleet has had scheduling problems, has caused delays, has not met and conferred effectively and has been unresponsive to communications from opposing counsel.  He also has filed duplicative and meritless motions and memoranda on behalf of his clients in this matter.  His actions have caused multiple unnecessarily delays.  They have required too much of this court's and the Magistrate Judge's time and attention.  Orders to show cause, sanctions and contempt findings have not solved the problem.  At this point, the court must question whether Mr. Whitefleet and his firm are capable of devoting the necessary time and attention to this matter.  Attorneys admitted to the bar of this court must not "in any manner interfere with the administration of justice." E.D. Cal. L.R. 180(e).  Mr. Whitefleet and his firm, Porter Scott, are therefore **ordered to show cause within seven days** (1) why they should not be relieved as counsel in this action or (2) in the alternative, why this court should not require their clients to associate additional counsel affiliated with a different firm.

This order resolves ECF No. 250.

IT IS SO ORDERED.

DATED: October 8, 2024.

UNITED STATES DISTRICT JUDGE